## Appeal of J. M. LYON.        Docket No. 81.

A taypayer must introduce sufficient evidence to make a *prima facie* showing that the Commissioner committed errors in determining a deficiency before the Board can disallow such deficiency.

Submitted January 7, 1925; decided January 27, 1925.

*Alfred J. Stern*, *C. P. A.*, for the taxpayer.

*Willis D. Nance*, *Esq.* (Nelson T. Hartson, Solicitor of Internal Revenue) for the Commissioner.

Before GRAUPNER, LANSDON, LITTLETON, and SMITH.

This appeal is from a deficiency in the amount of $5,432.33 for income taxes for the fiscal year ending February 29, 1920. From the evidence submitted the Board makes the following

### FINDINGS OF FACT.

1. The taxpayer is engaged in the business of selling jewelry on installment payments and has his place of business at 2 Maiden Lane, New York City.

2. In filing his return for the fiscal year ending February 29, 1920, the taxpayer reported income from his business in the amount of $32,830.36 and claimed deductions in the amount of $1,522.91. This income was computed on an installment basis from data found in the office of the taxpayer, but the books of account of the business were not kept on such a basis. The taxpayer's books showed an income of $52,404.07, which the Commissioner has accepted as the true income and used as the basic figure upon which to compute the tax complained of.

3. The Commissioner reduced the claimed deductions by the amount of $400. This amount was claimed by the taxpayer as the aggregate paid by him during the fiscal year for taxes on theatre tickets, railroad fares, and sundry luxuries. No vouchers for or accounts of expenditures for admissions and sales taxes were kept by the taxpayer.

### DECISION.

The deficiency determined by the Commissioner is approved.

### OPINION.

GRAUPNER: In deciding this appeal we do not determine that the taxpayer was not entitled to make his income-tax return upon an installment basis. Had sufficient evidence been submitted for our consideration, his appeal might have merited a favorable decision.

Rule 20 of this Board provides that the burden of proof is on the taxpayer. That means that he must introduce sufficient evidence to make a *prima facie* showing that the Commissioner committed the errors alleged in the petition and to overcome the proofs submitted on behalf of the Commissioner. Such a showing must cover all the elements necessary to establish the averments of the petition. This Board is required by law to make findings of fact. Such findings can not be made upon conjecture, *ex parte* statements, or argument. They must be supported by evidence presented to the Board. What has been submitted to or considered by the Bureau of Internal Revenue is beyond the ken of this Board. This body is " an independent agency in the executive branch of the Government," it has no connection with the Bureau of Internal Revenue, and evidence that has been introduced before any other department of the Government must be reintroduced before this Board before we can consider it.

In this appeal, the taxpayer introduced his cash book and ledger in evidence. The accounts shown therein support the findings of the

Commissioner as to the amount of net profits in the year at issue. The books of account which were introduced were kept in such a manner that they do not permit a computation of the taxpayer's income on an installment basis. Allusion in the testimony to other books kept in the office of the taxpayer, and not introduced in evidence, does not satisfy us that error was committed by the Commissioner. We can not assume what might be proven by evidence which was not introduced.

The taxpayer asks us to allow a deduction of $400 estimated by him to be the total expenditures made by him during the year in question for admissions and sales taxes. He produced no vouchers or accounts to show any payments; he admits that the amount is an estimate, and asserts that it is a fair and reasonable allowance for a person in his circumstances of life. This is asking the Board to make a finding without proof. We can not indulge in conjecture.

The deficiency determined by the Commissioner must be approved.