HERMAN FINESOD, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Finesod v. Commissioner
Docket No. 20599-92
United States Tax Court
T.C. Memo 1994-66; 1994 Tax Ct. Memo LEXIS 66; 67 T.C.M. (CCH) 2194; February 22, 1994, Filed *66 Decision will be entered for respondent. Herman Finesod, pro se. [1]
For respondent: Elizabeth P. Flores. LARO
LARO
MEMORANDUM FINDINGS OF FACT AND OPINION LARO, Judge: This case is before the Court pursuant to a petition filed by Herman Finesod (petitioner) for a redetermination of respondent's determination of deficiencies in petitioner's 1977 through 1980 Federal income taxes, additions to those taxes under sections 6651(a) and 6653(a), and an increased interest rate under section 6621(c) with respect to the portion of the deficiencies that was attributable to tax-motivated transactions. [2] Respondent's determination is reflected in a notice of deficiency issued timely to petitioner on June 18, 1992; [3] the deficiencies and additions to tax are as follows: Additions to Tax
Year
Deficiency Sec. 6651(a)
Sec. 6653(a)
1977
$   77,926.30
$  19,481
$   3,896
1978
926,099.40
231,525
46,305
1979
3,438,387.00
171,919
1980
7,538,210.40
377,415
*67 This notice also reflected respondent's determination that an increased rate of interest under section 6621(c) applies to: (1) The entire deficiency for 1977 and (2) deficiencies of $ 209,819 for 1978, $ 324,416 for 1979, and $ 5,154 for 1980. The issues before the Court are as follows: (1) Whether petitioner may deduct certain losses from the art master exploitation (lithograph) activity that he reported on Schedules C, Profit (or Loss) From Business or Profession, of his 1977 through 1980 Forms 1040, U.S. Individual Income Tax Return; we hold that he may not. (2) Whether petitioner may deduct certain losses from the bookmaster exploitation (bookmaster) *68 activity that he reported on Schedules C of his 1978 through 1980 Forms 1040; we hold that he may not. (3) Whether petitioner is entitled to investment tax credits for all the years in issue with respect to purchases of property for his lithograph and bookmaster activities; we hold that he is not. (4) Whether petitioner may deduct certain losses from a partnership, Black Gold Associates, that he reported on Schedules E, Supplemental Income Schedule, of his 1977 through 1979 Forms 1040; we hold that he may not. (5) Whether petitioner is entitled to certain deductions for his 1978 and 1979 taxable years with respect to his wholly owned subchapter S corporation, Jackie Fine Arts, Inc. (Fine Arts); we hold that he is not. (6) Whether petitioner is entitled to certain deductions for his 1978 through 1980 taxable years with respect to another wholly owned subchapter S corporation, Jackie Resources, Inc. (Resources); we hold that he is not. (7) Whether petitioner underreported the gross income for Fine Arts and Resources for his 1978 through 1980 taxable years; we hold that he did. (8) Whether petitioner failed to report $ 416,000 in dividend income for his 1979 taxable year from Art *69 Resources & Treasures Ltd.; we hold that he did. (9) Whether petitioner is liable for interest computed at an increased rate under section 6621(c) with respect to certain portions of the deficiencies in his 1977 through 1980 taxable years; we hold that he is. (10) Whether petitioner is liable for additions to tax under section 6651(a) for his 1977 and 1978 taxable years; we hold that he is. (11) Whether petitioner is liable for additions to tax under section 6653(a) for his 1977 through 1980 taxable years; we hold that he is. FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulations and accompanying exhibits are incorporated herein by this reference. Petitioner resided in New York, New York, at the time he filed his petition. During the years in issue, petitioner was a large-scale promoter of numerous tax shelters. Petitioner filed 1977 through 1980 Forms 1040 on August 1, 1980, July 21, 1980, October 14, 1980, and October 15, 1981, respectively. Subsequently, respondent audited petitioner's 1977 through 1980 taxable years and disallowed, inter alia, various losses and investment tax credits reported by petitioner. Respondent reflected her *70 disallowance of these items in a notice of deficiency issued to petitioner on June 18, 1992. Petitioner petitioned the Court for a redetermination of respondent's determination on September 14, 1992. On the same date, the Court filed an entry of appearance allowing the following three attorneys to represent petitioner in this case: Jeffrey A. Schantz, Roger S. Bane, and Elliot Silverman (hereinafter, these three attorneys are collectively referred to as Petitioner's Attorneys). On May 7, 1993, Petitioner's Attorneys moved the Court to withdraw their appearance as counsel of record for petitioner. Following a hearing held in New York City on July 1, 1993, the Court granted their motion; the Court perceived serious problems in requiring Petitioner's Attorneys to continue representing petitioner because of strong animosity between petitioner and Petitioner's Attorneys. Immediately after the hearing, in a pretrial conference with petitioner and respondent, the Court reminded the litigants that their trial was set for the trial session beginning on November 29, 1993, and stated that the Court anticipated having the trial at that time. The Court also stated to petitioner that he might *71 want to have other counsel represent him in the case, and that "in a case that sounds as sophisticated as this one sounds like it is, it would probably be in your best interest to [do so]." In addition, the Court stated, both parties were expected to work together and stipulate the facts of the case to the fullest extent possible, and, in the event that the case did not settle without a trial, both parties would have to produce a trial memorandum that included each side's legal position and identified the persons that each side intended to call as witnesses. [4] The Court then verified with petitioner that it had his correct mailing address and phone number. On August 12, 1993, in connection with the discovery process in this case, respondent served petitioner with a request to answer interrogatories. On September 14, 1993, respondent served petitioner with a request to produce certain documents to respondent's counsel. On October 13, *72 1993, respondent filed a motion with the Court to compel petitioner to answer respondent's interrogatories. On October 15, 1993, respondent filed a motion with the Court to compel petitioner to produce the requested documents. By order of October 19, 1993, we granted respondent's motions and ordered petitioner to, on or before November 4, 1993: (1) Serve answers to respondent's interrogatories on respondent's counsel, and (2) produce to respondent's counsel each and every document that was requested in respondent's request for production of documents and that was in petitioner's possession, custody, or control. In addition, we informed petitioner that in the event petitioner does not fully comply with the provisions of this Order, the Court may impose sanctions pursuant to Tax Court Rule 104, which may include the striking of assignment of errors in the petition and precluding petitioner from offering evidence to rebut the determinations made in the notice of deficiency and which may preclude petitioner from producing at trial any documents or things set forth in respondent's request for production of documents and from introducing any evidence related to the issues for which *73 the documents were requested.
Respondent moved the Court for an order granting sanctions on November 19, 1993. We scheduled a hearing on this motion for the trial session of the Court scheduled to commence on November 29, 1993. On Monday, November 29, 1993, petitioner's case was called for trial; respondent moved the Court to dismiss petitioner's case for failure properly to prosecute. At this time, petitioner was not represented in his case by counsel; however, petitioner informed the Court that "I have an accountant who has an attorney that he works with that is going to help me a bit on this thing." Petitioner also informed the Court that he could get his books by the end of the week. The Court set petitioner's case (and the hearing on respondent's motions) for recall 1 week later, at 10:00 a.m. on Monday, December 6, 1993, and gave petitioner until that time to locate his needed documents. At approximately 4:30 p.m. on Friday, December 3, 1993, petitioner delivered to respondent eight general ledgers, a cash disbursements journal, and a few other documents. On December 6, 1993, the Court held a hearing on respondent's motion for sanctions and motion to dismiss. At the *74 conclusion of this hearing, by order of December 6, 1993, we denied respondent's motion to dismiss and granted respondent's request for sanctions against petitioner prohibiting petitioner from: (1) Introducing into evidence any documents that were the subject of respondent's request for production of documents and that were not presented to respondent on or before December 3, 1993, [5] (2) offering any evidence at trial to rebut the determinations made in respondent's notice of deficiency to the extent that the evidence was the subject of respondent's interrogatories that petitioner did not answer, and (3) calling any witnesses except on rebuttal. On December 7, 1993, the Court held another pretrial conference with the parties. *75 Petitioner's trial was held on December 8, 1993; the trial was short. The parties first admitted into evidence a few joint stipulations and six exhibits. [6] Following short opening statements by each side, petitioner testified briefly during his case-in-chief and immediately rested his case following respondent's cross-examination. Neither party presented any written evidence, other than the stipulations and accompanying six exhibits. OPINION The burden of proof is on petitioner to show that respondent's determinations set forth in her notice of deficiency are incorrect. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Petitioner failed to produce any persuasive evidence rebutting *76 respondent's determinations, and the record is devoid of evidence disproving these determinations. Accordingly, we sustain respondent in full. [7]
For the foregoing reasons, Decision will be entered for respondent. Footnotes
1. Petitioner was originally represented by Jeffrey A. Schantz, Elliot Silverman, and Roger S. Bane. Before trial, the Court granted the request of Messrs. Schantz, Silverman, and Bane to withdraw from the case.↩
2. Unless otherwise stated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
3. Petitioner previously consented to extend the period of limitations for which respondent could assess deficiencies with respect to petitioner's taxable years in issue.↩
4. Respondent submitted such a trial memorandum to the Court; petitioner did not.↩
5. We recognize that this date of December 3rd is 1 month later than the November compliance date in our order of October 19th. At the hearing, petitioner represented to the Court that he had delivered documents to respondent on December 3rd; we excluded these documents from the scope of our order imposing sanctions.↩
6. The joint exhibits consisted of: (1) Respondent's notice of deficiency, (2) tax returns that petitioner filed for the 4 years in issue, and (3) consent forms that the parties executed to extend the period of limitations for which respondent may assess deficiencies for the years in issue.↩
7. We recognize that the deficiencies and additions to tax in this case aggregate almost $ 13 million. We note, however, that petitioner's complete loss in this Court is totally of his own making. Petitioner is a sophisticated person. Despite his sophistication, petitioner failed to cooperate with respondent during the discovery phase and failed to adhere to the Court's order to do so. Petitioner also failed to offer any evidence at trial that was outside the parameters of our order dated Dec. 6, 1993, including the general ledgers and cash disbursements journal that petitioner presented to respondent on Dec. 3, 1993.↩