T.C. Memo. 1996-61


UNITED STATES TAX COURT


DIANA LYNN TAUB, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 14117-94.      Filed February 15, 1996.


Diana Lynn Taub, pro se.

<u>Reginald R. Corlew</u>, for respondent.


MEMORANDUM OPINION


LARO, <u>Judge</u>: Diana Lynn Taub petitioned the Court to redetermine respondent's determination of deficiencies in her 1989 and 1990 Federal income tax, additions thereto, and penalties. For 1989, respondent determined that petitioner was liable for a $5,538 deficiency, a $1,306 addition under section

6651(a)(1), and a $1,108 penalty under section 6662.[1]  For 1990, respondent determined that petitioner was liable for a $8,392 deficiency, a $1,673 addition under section 6651(a)(1), and a $1,678 penalty under section 6662.

The Court tried this case on December 4, 1995.  The evidence consists primarily of a stipulation of four facts, a stipulation of three exhibits, and the scant testimony of petitioner. One stipulation concerns petitioner's residence at the time of the petition, which was Pembroke Pines, Florida.  The other three stipulations reference the stipulated exhibits; namely, the subject notice of deficiency and petitioner's 1989 and 1990 Forms 1040, U.S. Individual Income Tax Return.  Petitioner's testimony, including direct examination and cross-examination, is 10 pages in the transcript.

We must decide the issues set forth below.  For purposes of clarity and convenience, each issue states our findings of fact and Opinion with respect thereto.

1.  Issue One

We decide whether petitioner is entitled to certain amounts for costs of goods sold and expenses, that respondent disallowed. Petitioner reported these amounts on her 1989 and 1990 Schedules C, Profit or Loss From Business (Sole-Proprietorship).

---

[1] Unless otherwise stated, section references are to the Internal Revenue Code in effect for the years in issue.  Rule references are to the Tax Court Rules of Practice and Procedure. Dollar amounts are rounded to the nearest dollar.

Petitioner's 1989 and 1990 Schedules C report that she has an unincorporated business that provides acting, modeling, and art/design services.  The 1989 Schedule C reports income of $650 and cost of goods sold and deductions totaling $13,800; i.e., cost of goods sold ($6,700), advertising ($1,800), legal and professional services ($1,500), office expense ($2,000), supplies ($1,200), and utilities ($600).  Petitioner's 1990 Schedule C reports income of $750 and cost of goods sold and deductions totaling $15,200; i.e., cost of goods sold ($4,000), advertising ($2,700), legal and professional services ($2,200), office expense ($4,500), supplies ($1,200), and utilities ($600).

Respondent disallowed all of the costs of goods sold and deductions reported on petitioner's 1989 and 1990 Schedules C. In part, respondent determined, petitioner did not prove that any of these amounts were:  (1) Paid or (2) ordinary and necessary business expenses.

Petitioner must prove respondent's determination wrong. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Petitioner has not done so.  She has produced no meaningful evidence rebutting respondent's determination, and the record is devoid of evidence otherwise disproving it.  Petitioner claims she had the documents necessary to disprove respondent's determination, but that the documents were either lost by her or destroyed in a hurricane.  We find this argument unpersuasive.

We sustain respondent in full with respect to this issue.  See
Finesod v. Commissioner, T.C. Memo. 1994-66.

　　2.  Issue Two

　　We decide whether petitioner may deduct certain itemized
deductions that respondent disallowed.  Petitioner reported these
deductions on her 1989 and 1990 Schedules A, Itemized Deductions.

　　Petitioner's 1989 Schedule A reports the following itemized
deductions:  $600 in interest, $2,750 of contributions by cash or
check, $490 of contributions by other than cash or check, and
$5,760 of "miscellaneous deductions" (before the application of
the 2-percent floor).  Petitioner claims a deduction for
miscellaneous deductions, net of the 2-percent floor.
Petitioner's 1990 Schedule A reports the following itemized
deductions:  $3,616 of medical expenses (before application of
the 7.5-percent floor), $1,700 of interest, $2,700 of
contributions by cash or check, $490 of contributions by other
than cash or check, and $5,900 of "miscellaneous deductions"
(before the application of the 2-percent floor).  Petitioner
claims deductions for medical expenses and miscellaneous
deductions, after reducing her reported amounts by the applicable
floors.

　　Respondent determined that petitioner's 1990 medical
deduction was $52, instead of the larger amount claimed by
petitioner, because of the increase in her adjusted gross income
on account of the above-mentioned adjustments to her 1990

Schedule C. Respondent determined that petitioner could not deduct any of the amounts that she reported for contributions for 1989 and 1990 because she had not proven that these "contributions" were: (1) Paid or (2) within the requirements of section 170. Respondent determined that petitioner could not deduct any of the amounts that she claimed for miscellaneous deductions for 1989 and 1990, primarily because she had not proven that these "deductions" were: (1) Paid or (2) otherwise allowable as deductible expenses.

For the same reasons as above, we sustain respondent's determination with respect to this issue. See Finesod v. Commissioner, supra.

3. Issue Three

We decide whether petitioner is entitled to a credit for dependent child care expenses for the 1990 taxable year. On her 1990 Form 2441, Child and Dependent Care Expenses, petitioner reported that she paid $8,400 to Morris W. Taub. As petitioner wrote on her 1990 Form 2441, "Dependent brother (alcoholic) became too depressed and ill to work and could not find a job. I paid all expenses for food, clothing, storage of personal belongings, moving expenses, car payment and housing. He committed suicide in March of 1990. I also paid burial expenses."

Respondent determined that petitioner was not entitled to her claimed credit because petitioner had not shown that the

$8,400 listed on Form 2441 was: (1) Paid or (2) attributable to dependent child expenses. For the same reasons as above, we sustain respondent's determination with respect to this issue. See Finesod v. Commissioner, supra.

    4.  Issue Four

We decide whether petitioner is liable for the additions to her 1989 and 1990 taxes determined by respondent under section 6651(a)(1). Respondent determined that petitioner failed to file timely 1989 and 1990 Federal income tax returns, and that petitioner failed to show that her failure was due to reasonable cause. Petitioner mailed her 1989 and 1990 Forms 1040 to respondent on October 1, 1991, and respondent received both returns on October 3, 1991. Petitioner did not receive an extension to file her 1990 Form 1040.

Section 6651(a)(1) imposes a monthly charge equal to 5 percent of the amount of tax that should have been shown on the return, subject to a maximum charge of 25 percent. In order to avoid this charge/addition to tax, petitioner must prove that her failure to file was: (1) Due to reasonable cause and (2) not due to willful neglect. Sec. 6651(a); United States v. Boyle, 469 U.S. 241, 245 (1985). A failure to file timely a Federal income tax return is due to reasonable cause if the taxpayer exercised ordinary business care and prudence, and, nevertheless, was unable to file the return within the prescribed time. Sec. 301.6651-1(c)(1), Proced. & Admin. Regs. Willful neglect means a

conscious, intentional failure or reckless indifference.  <u>United States v. Boyle</u>, <u>supra</u> at 245.

When petitioner mailed her Forms 1040 to respondent on October 1, 1991, petitioner attached a note stating that she had given these returns to Morris W. Taub and her sister-in-law to mail.  The letter also states that petitioner had recently "felt" that these returns had not actually been mailed.

With respect to this letter, we find the assertions contained therein to be unbelievable.  Petitioner's 1989 Form 1040 reflects that she signed it on April 10, 1990.  Petitioner's 1990 Form 1040 reflects that she signed it on June 10, 1991.  Morris W. Taub, however, apparently died in March 1990.  Because the record does not disprove respondent's determination under section 6651(a)(1), we sustain it.

### 5.  Issue Five

We decide whether petitioner is liable for the 1989 and 1990 accuracy-related penalties determined by respondent under section 6662.  Respondent determined that petitioner was liable for these penalties because her underpayments were due to negligence or disregard of rules or regulations.  See sec. 6662(a), (c).  Section 6662(a) imposes an accuracy-related penalty equal to 20 percent of the portion of an underpayment that is due to negligence.  To avoid this penalty, petitioner must prove that she made a reasonable attempt to comply with the provisions of the Internal Revenue Code, or that she was not careless,

reckless, or in intentional disregard of rules or regulations. See sec. 6662(c); see also Rule 142(a); <u>Welch v. Helvering</u>, <u>supra</u> at 115. Petitioner has failed to do so; thus, we sustain respondent.

For the foregoing reasons,

<u>Decision will be entered</u>

<u>for respondent</u>.