T.C. Memo. 1998-288


UNITED STATES TAX COURT


LAVERN SCHERPING, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

LOREN AND JANE SCHERPING, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket Nos. 12514-90, 12515-90.       Filed August 5, 1998.



<u>Lawrence H. Crosby</u>, for petitioners.

<u>Tracy Anagnost Martinez</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

LARO, <u>Judge</u>:  LaVern Scherping petitioned the Court to redetermine deficiencies in his 1984 through 1986 Federal income taxes and additions to these taxes as follows:

LaVern Scherping, docket No. 12514-90

| | | | | Additions to tax | | |
|---|---|---|---|---|---|---|
| Year 6661 | Deficiency | Sec. 6653(a)(1) | Sec. 6653(a)(2) | Sec. 6653(a)(1)(A) | Sec. 6653(a)(1)(B) | Sec. |
| 1984 | $19,046 | $952 | [1] | --- | --- | $4,762 |
| 1985 | 32,217 | 1,611 | [2] | --- | --- | 8,054 |
| 1986 | 48,658 | --- | --- | $2,433 | [3] | 12,165 |

[1] 50 percent of the interest due on $19,046.
[2] 50 percent of the interest due on $32,217.
[3] 50 percent of the interest due on $48,658.

Respondent reflected these determinations in a notice of deficiency issued to petitioner on March 8, 1990.

Loren and Jane Scherping[1] petitioned the Court to redetermine deficiencies in their 1984 through 1986 Federal income taxes and additions to these taxes as follows:

Loren and Jane Scherping, docket No. 12515-90

| | | | | Additions to tax | | |
|---|---|---|---|---|---|---|
| Year 6661 | Deficiency | Sec. 6653(a)(1) | Sec. 6653(a)(2) | Sec. 6653(a)(1)(A) | Sec. 6653(a)(1)(B) | Sec. |
| 1984 | $14,875 | $744 | [1] | --- | --- | $3,719 |
| 1985 | 25,798 | 1,290 | [2] | --- | --- | 6,450 |
| 1986 | 40,769 | --- | --- | $2,038 | [3] | 10,192 |

[1] 50 percent of the interest due on $14,875.
[2] 50 percent of the interest due on $25,798.
[3] 50 percent of the interest due on $40,769.

Respondent reflected these determinations in a notice of deficiency issued to petitioners on March 8, 1990.

---

[1] Loren and Jane Scherping were copetitioners. For simplicity and clarity, we hereafter refer to Loren Scherping as the sole petitioner in that docket.

Following our consolidation of these cases for purposes of trial, briefing, and opinion, and following our rulings granting respondent's motions for partial summary adjudication, Scherping v. Commissioner, T.C. Memo. 1991-384, and Scherping v. Commissioner, T.C. Memo. 1991-388, we are left to decide the following issues:

1.  Whether LaVern Scherping and Loren Scherping may deduct interest expenses in amounts greater than those determined by respondent.

2.  Whether LaVern Scherping and Loren Scherping are liable for the additions to tax for negligence determined by respondent under section 6653(a)(1) and (2) for 1984 and 1985 and under section 6653(a)(1)(A) and (B) for 1986.

3.  Whether LaVern Scherping and Loren Scherping are liable for the additions to tax for substantial understatement determined by respondent under section 6661.

We hold for respondent on all issues.  Section references are to the Internal Revenue Code in effect for the years in issue.  Rule references are to the Tax Court Rules of Practice and Procedure.  The term "petitioners" refers to LaVern Scherping and Loren Scherping collectively.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulated facts and the exhibits submitted therewith are

incorporated herein by this reference. Petitioners resided in Freeport, Minnesota, when they petitioned the Court.

Petitioners are brothers. During the years in issue they were dairy farmers who sold milk to Modern Craftsmen Milk Association (MCMA), or to MCMA's successors, through Imperial Investments, Inc. (Imperial).

Petitioners participated with Joan Noske, C.P.A., among others, in a scheme to understate their Federal income tax liabilities through purported transfers of farming assets and operations to Imperial. Ms. Noske prepared petitioners' individual income tax returns and Imperial's corporate returns.

For 1984 and 1985, Loren Scherping reported on each of his tax returns that he realized $11,000 a year of sole proprietorship income. This was income he derived from farming. For 1986, he reported sole proprietorship income of $11,600, which was farming income.

For 1984 and 1985, LaVern Scherping reported on each of his tax returns that he realized $8,000 a year of sole proprietorship income. This was income he derived from farming. For 1986, he reported sole proprietorship income of $8,600, which was farming income.

Respondent determined and reflected in a separate notice of deficiency for each petitioner that petitioners were required to

report the following amounts of income and expense which had
originally been reported by Imperial:

|  | | LaVern<br>Scherping | Loren<br>Scherping |
|---|---|---|---|
| **1984** | | | |
| | Farm gross income | $306,922 | $303,922 |
| | Farming expenses | (194,874) | (194,874) |
| | Depreciation | (63,334) | (63,334) |
| **1985** | | | |
| | Farm gross income | 309,258 | 306,258 |
| | Farming expenses | (173,110) | (173,110) |
| | Depreciation | (59,785) | (59,785) |
| **1986** | | | |
| | Farm gross income | 303,939 | 300,939 |
| | Farming expenses | (155,355) | (155,355) |
| | Depreciation | (40,870) | (40,870) |

In making this determination, respondent recomputed and
annualized Imperial's income and expenses from its fiscal years
to petitioners' calendar years.  In calculating depreciation,
respondent eliminated a basis step-up purportedly derived from
petitioners' sale of assets to Imperial.  Finally, respondent
allocated the income and expenses between petitioners, 50 percent
to LaVern Scherping and 50 percent to Loren Scherping, with
appropriate allowances for farm-related income each petitioner
had previously reported.  In determining petitioners' incomes,
respondent did not allow any deduction for interest expense
Imperial had claimed as a deduction on its returns.

OPINION

Respondent recomputed all of the income and certain of the expenses Imperial reported on its tax returns and reallocated that income and expense to petitioners. These reallocated amounts did not reflect any deductions for interest even though Imperial had claimed deductions for substantial amounts of interest expense.[2] Petitioners argue that insofar as they are to be taxed on Imperial's income, they should be allowed to claim all the deductions Imperial reported. They also dispute respondent's determinations of additions to tax for negligence and for substantial understatement.

Interest Deductions

Petitioners must prove that respondent's determinations set forth in the notices of deficiency are incorrect. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Petitioners must also prove their entitlement to any claimed deduction. Deductions are strictly a matter of legislative grace, and petitioners must show that their claimed deductions are allowed by the Code. New Colonial Ice Co. v. Helvering, 292 U.S. 435 (1934).

---

[2]Imperial's returns for the fiscal years ending June 30, 1984 through 1986 claimed interest expense deductions of $7,043, $67,458, and $68,347, respectively.

Petitioners have known from the outset of this proceeding that no deductions for interest expense were included in respondent's determinations of their taxable incomes. They have chosen not to submit any documentation as to the amounts of interest they (or Imperial) may have paid during the years in issue, the fact and nature of any debt underlying the supposed payments, the creditors to whom the interest may have been paid, or the relationship of any such debt to the dairy farming activities that gave rise to the income at issue here.

Petitioners point out that respondent has offered no explanation for not allowing them to deduct the interest expense claimed on Imperial's returns. They also note that in an earlier proceeding before this Court, respondent agreed to a stipulated decision that Imperial owed no additional income tax.

In demanding that respondent explain the omission of the interest deduction, petitioners proceed from a false premise. They are required to produce persuasive evidence rebutting respondent's determinations of their Federal income tax liabilities. Finesod v. Commissioner, T.C. Memo. 1994-66. They have not done so. We therefore sustain respondent's determinations on this issue.

Negligence

Respondent also determined that both petitioners are liable for additions to tax for negligence for each year in issue. Petitioners must prove respondent's determination of negligence wrong. Rule 142(a); Bixby v. Commissioner, 58 T.C. 757, 791-792 (1972).

For 1984 and 1985, section 6653(a)(1) imposes an addition to tax equal to 5 percent of the underpayment if any part of the underpayment is attributable to negligence. Section 6653(a)(2) imposes a further addition to tax equal to 50 percent of the interest payable on the portion of the underpayment attributable to negligence. With respect to returns due after December 31, 1986 (i.e., petitioners' 1986 tax returns), section 1503(a) of the Tax Reform Act of 1986, Pub. L. 99-514, 100 Stat. 2085, 2742, replaced former section 6653(a)(1) and (2) with section 6653(a)(1)(A) and (B). Section 6653(a)(1)(A) and (B) is similar to its predecessor. Section 6653(a)(1)(A) imposes an addition to tax equal to 5 percent of the underpayment if any part of the underpayment is attributable to negligence. Section 6653(a)(1)(B) imposes an addition to tax equal to 50 percent of the interest payable on the portion of the underpayment attributable to negligence.

In contesting a finding of negligence, "the burden is on the taxpayer to prove that he did not fail to exercise due care or do

what a reasonable and prudent person would do under similar circumstances." Chakales v. Commissioner, 79 F.3d 726, 729 (8th Cir. 1996), affg. T.C. Memo. 1994-408. Petitioners argue that they were not negligent because they relied on their C.P.A., Joan Noske, to prepare their returns correctly, and they were innocent bystanders with respect to any inaccuracies in the returns. That argument is not persuasive.

Petitioners colluded with Ms. Noske in fictitiously transferring their farming assets to Imperial, and they did so to avoid their Federal tax liabilities. They knew or had reason to know that Ms. Noske was incorrect when she omitted the bulk of their farming income from their returns. We do not believe petitioners' testimony that they failed to understand or appreciate the returns' inaccuracies. We sustain respondent's determinations of negligence in all regards.

Substantial Understatement

Section 6661 imposes an addition to tax for substantial understatement of income tax. For additions assessed after October 21, 1986, this addition equals 25 percent of the amount attributable to the substantial understatement. Pallottini v. Commissioner, 90 T.C. 498, 500-503 (1988). An understatement is substantial if it exceeds the greater of 10 percent of the tax

required to be shown on the return or $5,000.  Sec. 6661(b)(1)(A).

In general the amount of the understatement is reduced to the extent an understatement is traceable to an item that is either adequately disclosed or supported by substantial authority.  Sec. 6661(b)(2)(B).  But this relief is curtailed if the item that causes the understatement derives from a tax shelter.  An understatement derived from tax shelter items is not reduced by disclosure.  Sec. 6661(b)(2)(C)(i)(I).  Further, in addition to showing that an item attributable to a tax shelter is supported by substantial authority, taxpayers must show they reasonably believed their tax treatment of any tax shelter item "was more likely than not the proper treatment."  Sec. 6661(b)(2)(C)(i)(II).  For purposes of section 6661, the term "tax shelter" includes any plan or arrangement aimed principally at avoiding or evading Federal income tax.  Sec. 6661(b)(2)(C)(ii)(III).  Petitioners' purported transfer of farming assets to Imperial constituted a tax shelter within the meaning of this section.

Petitioners have failed to meet their burden of proof on this issue.  The understatements are substantial, and the record does not establish that any of the understatements are reduced

under section 6661(b)(2).  We sustain respondent's determinations on this issue.

In reaching all of our holdings herein, we have considered all arguments made by the parties, and to the extent not mentioned above, find them to be irrelevant or without merit.

To reflect the foregoing,

<u>Decisions will be entered for respondent</u>.