T.C. Memo. 1999-274


UNITED STATES TAX COURT


WILLIAM ALLEN SIMPSON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket Nos. 6165-98.                    Filed August 13, 1999.


William Allen Simpson, pro se.

<u>Trevor T. Wetherington</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

LARO, <u>Judge</u>:  William Allen Simpson petitioned the Court to redetermine respondent's determination of a $43,858 deficiency in his 1994 Federal income tax and additions thereto under sections 6651(a)(1) and 6654(a) of $6,840 and $2,227, respectively. Following the parties' concessions, we must decide whether

petitioner may deduct amounts for 1994 greater than those allowed by respondent and whether petitioner is liable for the additions to tax set forth above. We hold that petitioner may not deduct any greater amount and that he is liable for the additions to tax. Section references are to the Internal Revenue Code in effect for the subject years. Rule references are to the Tax Court Rules of Practice and Procedure. Dollar amounts are rounded to the nearest dollar.

### FINDINGS OF FACT

Some facts have been stipulated. The stipulated facts and the exhibit submitted therewith are incorporated herein by this reference. Petitioner was self-employed during 1994 as a computer engineer. He resided in Madison Heights, Michigan, when he petitioned the Court.

Petitioner did not timely file a 1994 Federal income tax return. Respondent determined petitioner's income tax liability for 1994 and issued to him a notice of deficiency reflecting that determination. Respondent later adjusted that determination to take into account deductions raised and substantiated by petitioner after the issuance of the notice of deficiency. Petitioner asserts that, in addition to the deductions allowed by respondent, he may deduct certain other amounts as business expenses. Petitioner paid $3,600 to a personal acquaintance (Elizabeth Helmboldt), $10,000 to his sister (Ruth Eileen

Simpson), and $1,064 for a flying lesson. Petitioner asserts that these payments were ordinary and necessary expenses of his computer engineering business. Petitioner has never obtained a pilot's license nor piloted an airplane in carrying on his business.

OPINION

Petitioner must prove that respondent's determinations set forth in the notice of deficiency are incorrect. See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Petitioner also must prove his entitlement to any deduction. Deductions are strictly a matter of legislative grace, and petitioner must show that his claimed deductions are allowed by the Code. See also New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). Petitioner must maintain sufficient records to substantiate his claimed deductions. See sec. 6001; sec. 1.6001-1(a), Income Tax Regs.

Petitioner's burden of proof requires that he introduce sufficient evidence to: (1) Make a prima facie case establishing that respondent committed the errors alleged in the petition and (2) overcome the evidence favorable to respondent. See Lyon v. Commissioner, 1 B.T.A. 378, 379 (1925); see also Lawler v. Commissioner, T.C. Memo. 1995-26. Petitioner relies mainly on his testimony to meet his burden. We find his testimony unpersuasive and incomplete. Petitioner provided no written

documents establishing that the disputed expenses are related to his business, nor did he call any witnesses to corroborate his testimony.  Because the record is devoid of evidence disproving any of respondent's determinations, we sustain those determinations in full.  See <u>Finesod v. Commissioner</u>, T.C. Memo. 1994-66.

To reflect respondent's concessions,

<u>Decision will be</u>

<u>entered under Rule 155</u>.