T.C. Memo. 2000-367

UNITED STATES TAX COURT

PAMELA OSOWSKI, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10801-89.                    Filed December 4, 2000.

<u>Burton W. Kanter</u>, for petitioner.

<u>Paul L. Darcy</u>, for respondent.

MEMORANDUM OPINION

LARO, <u>Judge</u>:  This case was submitted to the Court fully
stipulated under Rule 122.  Respondent determined a $5,416
deficiency in petitioner's 1981 Federal income tax and additions
thereto of $270.80 and $1,624.80 under sections 6653(a)(1) and
6659, respectively.  Respondent also determined as to the entire

deficiency that petitioner was liable for the time sensitive addition to tax under section 6653(a)(2) and the increased rate of interest under section 6621(c).

Following concessions by the parties, we must decide:

1.  Whether petitioner is liable for an addition to tax under section 6659 equal to 30 percent of the deficiency arising from a disallowed investment tax credit and loss that petitioner claimed from a partnership named Grade Partners (Grade), and

2.  Whether petitioner is liable for the increased rate of interest under section 6621(c) on the deficiency.

We hold for respondent as to both issues.  Section references are to the Internal Revenue Code in effect for the year in issue.  Rule references are to the Tax Court Rules of Practice and Procedure.

## Background

The parties have filed with the Court a stipulation of facts and accompanying exhibits.  We find the stipulated facts accordingly, and we set forth the relevant facts in this background section.  We also set forth in this section facts which we find from the exhibits and from matters which petitioner admitted under Rule 90.  Petitioner resided in New York, New York, when she petitioned the Court.

Petitioner timely filed her 1981 Federal income tax return. She claimed thereon a $689 loss from Grade, a $9,380 investment

tax credit from Grade, an income tax liability (exclusive of the investment tax credit) of $4,646, and an income tax liability (after applying $4,646 of the investment tax credit to 1981) of zero. Respondent disallowed the $689 loss and the $4,646 investment tax credit applied to 1981.

Petitioner has a 7-percent limited partnership interest in the profits and losses of Grade. Grade, in turn, has a 16.6666-percent limited partnership interest in the profits and losses of Degree Associates (Degree). Degree is a limited partnership with 1 general partner; namely, Joel Mallin. Degree's stated purpose was to lease and exploit energy management systems equipment which, when installed, would control the use of energy in a plastics manufacturing plant operated by Milor Corporation. An investment in Degree carried a very high degree of risk.

Degree's promoter distributed a private placement memorandum (PPM) on Degree to potential investors. The PPM listed cash-flow and economic projections for 1981 to 2011 (PPM projections) which were predicated upon the assumption that: (1) The projected level of energy conservation would be achieved, (2) the cost of energy would increase 18.5 percent per year between 1981 and 2011, and (3) the energy management systems equipment would remain useful for that 30-year period. The PPM projections predicted total pretax receipts by Degree of $4,502,490 between 1981 and 2011, the present value of which equals $181,228, when

discounted at 14 percent.[1]  The PPM projections predicted that the total up-front investment by Degree in the energy management systems equipment would be $292,500 in 1981, which means that the net present value of Degree's net receipts was a negative $111,272 ($181,228 less $292,500).

Degree claimed that it placed the energy management systems equipment in service during 1981 and that the equipment had a tax basis and fair market value of $8,040,000.  Grade's claimed share of the basis in the equipment was $1,339,464 (16.6666 percent times $8,040,000), and petitioner's claimed share of that basis was $93,800 (7 percent times $1,339,464).  The equipment had a true fair market value of no more than $354,000, and Degree's claimed fair market value and tax basis of the equipment exceeded the equipment's true fair market value by approximately 2,271 percent.

Petitioner never read the PPM, and she never discussed the PPM with Mr. Mallin.  Before participating in Degree, petitioner had no experience in the development, operation, or marketing of energy management systems, she had no knowledge of the components and equipment constituting the energy management systems equipment, and she had no knowledge of whether or not the energy management systems equipment was installed in Milor Corporation.

---

[1] The yield on long-term U.S. Treasury bonds was generally 14 percent in 1981.

Burton Kanter is a tax attorney, and petitioner was his executive secretary from March 1962 to June 1970. Mr. Kanter advised petitioner to participate in Degree, and she relied solely upon his advice in making her decision to do so. Mr. Kanter has no experience in the development, operation, marketing, or appraisal of energy management systems.

Petitioner's participation in Degree was not motivated by a desire for economic profit. She participated in Degree solely for tax reasons.

## Discussion

We review respondent's determination that petitioner is subject to sections 6621(c) and 6659. Petitioner, as the taxpayer, bears the burden of disproving that determination. See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). In order to meet her burden of proof, petitioner must introduce sufficient evidence to: (1) Make a prima facie case establishing that respondent committed the errors alleged in the petition and (2) overcome the evidence submitted by (or otherwise favorable to) respondent. See Lyon v. Commissioner, 1 B.T.A. 378, 379 (1925). The fact that the case was submitted to the Court fully stipulated under Rule 122 does not change or otherwise lessen petitioner's burden. See Borchers v. Commissioner, 95 T.C. 82, 91 (1990), affd. on other issues 943 F.2d 22 (8th Cir. 1991).

Section 6659 provides for an addition to tax for underpayments attributable to valuation overstatements. A valuation overstatement exists if, among other conditions, the adjusted basis of property claimed on the return equals or exceeds 150 percent of the correct basis. See sec. 6659(a), (c). As to the year at issue, the addition to tax equals 30 percent of an underpayment attributable to a valuation overstatement of 250 percent or more, unless the underpayment in tax is less than $1,000 in which case the addition to tax does not apply. See sec. 6659(b), (d). An addition to tax under section 6659 may apply to an underpayment by an individual partner, where the overvaluation is made on the partnership return. See Weis v. Commissioner, 94 T.C. 473, 489 (1990).

Petitioner does not deny that respondent correctly determined that she had an understatement of tax attributable to a valuation overstatement within the meaning of section 6659. Petitioner asserts that respondent should waive the resulting addition to tax pursuant to section 6659(e). Section 6659(e) authorizes respondent to waive all or part of an addition to tax for valuation overstatement if a taxpayer establishes that he or she had a reasonable basis for the adjusted bases or valuations claimed on a return and that the claim was made in good faith.

Respondent's refusal to waive a section 6659 addition to tax is reviewable by this Court for abuse of discretion. See Krause

v. Commissioner, 99 T.C. 132, 179 (1992). On the record before us, we are unable to conclude that respondent abused his discretion. First, we are unable to find that petitioner ever asked respondent to exercise his discretion before he issued the notice of deficiency to her. Absent a timely request for a waiver, which we do not find was present here, we cannot hold that respondent abused his discretion in not waiving an addition to tax under section 6659. See Martin Ice Cream Co. v. Commissioner, 110 T.C. 189, 234-235 (1998); Haught v. Commissioner, T.C. Memo. 1993-58; cf. Lapin v. Commissioner, T.C. Memo. 1990-343, affd. without published opinion 956 F.2d 1167 (9th Cir. 1992).

Even if petitioner had made such a timely request, we find nothing in the record to establish that she had the requisite reasonable basis for the overstated valuation to overcome respondent's determination. The mere fact that she relied on Mr. Kanter, a tax professional, in choosing to participate in Degree does not mean that she reasonably reported the overstated valuation on her income tax return. Indeed, the facts of this case, including the facts that petitioner was aware of Mr. Kanter's qualifications from their longtime close business relationship, that Mr. Kanter was not professionally qualified to evaluate or appraise the energy management systems equipment, that petitioner never read the PPM, and that petitioner never

made an attempt independently to evaluate or appraise the energy management systems equipment, point to the conclusion that any reliance that petitioner placed on Mr. Kanter as to the valuation was unreasonable. See Addington v. Commissioner, 205 F.3d 54, 62 (2d Cir. 2000), affg. Sann v. Commissioner, T.C. Memo. 1997-259; Gilman v. Commissioner, 933 F.2d 143, 151 (2d Cir. 1991), affg. T.C. Memo. 1989-684; Singer v. Commissioner, T.C. Memo. 1997-325. In light of the strict standard for abuse of discretion, we conclude that respondent did not err by not exercising his discretion under section 6659(e) to waive the addition to tax for valuation overstatement.

Nor do we conclude that respondent erred as to the increased rate of interest under section 6621(c). Section 6621(c) provides that increased interest is due if a "substantial underpayment" is attributable to a "tax motivated transaction". A substantial underpayment is an underpayment of more than $1,000. See sec. 6621(c)(2). A tax-motivated transaction includes any valuation overstatement under section 6659. See sec. 6621(c)(3)(A)(i). Because we have determined that petitioner had a valuation overstatement under section 6659, we hold that petitioner is liable under section 6621(c) for an increased rate of interest on the underpayment attributable thereto. See Barlow v. Commissioner, T.C. Memo. 2000-339 ("once we decide that there is a tax-motivated transaction such as a valuation overstatement * *

\*, the determination of additional interest is largely mechanical.").

We have considered all arguments in this case, and those arguments not discussed herein are irrelevant or without merit. Accordingly,

<u>Decision will be entered</u>
<u>under Rule 155</u>.