T.C. Memo. 2001-204

UNITED STATES TAX COURT

JIMMY A. AND CINDY R. LOBE, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 19157-99.                    Filed August 6, 2001.

Jimmy Lobe and Cindy Lobe, pro sese.

Robert S. Scarbrough, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

LARO, Judge:  Petitioners petitioned the Court to
redetermine respondent's determinations as to their 1995 and 1996
Federal income taxes.  As to the respective years, respondent
determined in a notice of deficiency issued to Jimmy A. Lobe (Mr.
Lobe) that he was liable for deficiencies of $47,563 and $29,296,
failure to file additions to tax of $11,879 and $6,592 under

section 6651(a), and additions to tax of $2,576 and $1,559 under section 6654. As to the same years, respondent determined in a notice of deficiency issued to Cindy R. Lobe (Ms. Lobe) that she was liable for deficiencies of $15,062 and $7,761, failure to file additions to tax of $3,754 and $1,746 under section 6651(a), and additions to tax of $814 and $413 under section 6654.

Following a trial at which petitioners choose neither to testify nor to present any exhibits (with the exception of the subject notices of deficiency which were attached to the stipulation of facts), we must decide whether respondent's determinations are correct. We hold they are to the extent described herein. Section references are to the Internal Revenue Code in effect for the years in issue. Rule references are to the Tax Court Rules of Practice and Procedure. Dollar amounts have been rounded to the nearest dollar.

FINDINGS OF FACT

Some facts have been stipulated and are so found. The 16 stipulated facts and two exhibits submitted therewith are incorporated herein by this reference. Petitioners are husband and wife who resided together in Omak, Washington, during all relevant years. Neither of them has filed a 1995 or 1996 Federal income tax return.

During 1995, petitioners earned interest income of $367 from a credit union (CU) account in which both petitioners had

signatory authority, and they received nonemployee compensation of $2,319 from a State bank (Bank). Ms. Lobe received during that year $1,544 in wages. Mr. Lobe received during 1996 $700 in nonemployee compensation from the CU.

During 1995 and 1996, petitioners conducted a business known as Jim Lobe Construction (JLC). They reported to the State of Washington that JLC's gross receipts in the respective years were $128,464 and $85,184. They have not provided to respondent or to the Court any documentation to substantiate any costs of goods sold or business expenses which they may have incurred during those years in JLC's operation. Nor have they provided any documentation to substantiate their entitlement to any other deduction for those years.

Respondent determined that Mr. Lobe had failed to report taxable income of $122,251 and $74,946 during the respective years. Respondent determined this income as follows, noting that because Washington is a community property State, respondent was treating Mr. Lobe as realizing all of his income and 50 percent of Ms. Lobe's income:[1]

---

[1] Respondent concedes on brief that each spouse should be taxed on only 50 percent of the income that he or she earned and that a computation under Rule 155 will be necessary to effect this result. Respondent determined in the notices of deficiency as a protective measure that each spouse was taxable on 100 percent of the income that he or she earned.

|                                          | 1995      | 1996      |
|------------------------------------------|-----------|-----------|
| Community income--wife's wages           | $772      | -0-       |
| Exemptions                               | (850)     | ($2,550)  |
| Interest income from CU                  | 367       | -0-       |
| Nonemployee compensation--JLC/CU/Bank    | 130,783   | 85,884    |
| Self-employment AGI adjustment           | (5,546)   | (5,038)   |
| Standard deduction                       | (3,275)   | (3,350)   |
|                                          | 122,251   | 74,946    |

Respondent determined Mr. Lobe's tax liability by using the married filing separate return tax rates and by imposing upon Mr. Lobe self-employment taxes of $11,091 and $10,075 for the respective years as to the nonemployee compensation. Respondent also gave Mr. Lobe credit for 50 percent of the $94 withheld from Ms. Lobe's wages.

Respondent determined that Ms. Lobe had failed to report taxable income of $61,343 and $37,042 during the respective years. Respondent determined this income as follows, noting that because Washington is a community property State, respondent was treating Ms. Lobe as realizing all of her income and 50 percent of Mr. Lobe's income:

|                                          | 1995      | 1996      |
|------------------------------------------|-----------|-----------|
| Community income-JLC/CU/Bank             | $65,391   | $42,942   |
| Community income/interest from CU        | 183       | -0-       |
| Exemptions                               | (2,500)   | (2,550)   |
| Wife's wages                             | 1,544     | -0-       |
| Standard deduction                       | (3,275)   | (3,350)   |
|                                          | 61,343    | 37,042    |

Respondent determined Ms. Lobe's tax liability by using the married filing separate return tax rates and by giving her credit for 50 percent of the $94 withheld from her wages.

OPINION

Petitioners must prove that respondent's determinations set forth in the notices of deficiency are incorrect. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Petitioners also must prove their entitlement to any deduction; e.g., by maintaining sufficient records to substantiate a deduction. New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934); see also sec. 6001; sec. 1.6001-1(a), Income Tax Regs. Petitioners' burden of proof requires that they introduce sufficient evidence to: (1) Make a prima facie case establishing that respondent committed the errors alleged in the petition and (2) overcome the evidence favorable to respondent. See Lyon v. Commissioner, 1 B.T.A. 378, 379 (1925); see also Lawler v. Commissioner, T.C. Memo. 1995-26.

Petitioners did not produce any evidence rebutting respondent's determinations, and the record is devoid of evidence disproving those determinations. Accordingly, we sustain respondent in full subject to the concession mentioned above. See Reichenbach v. Commissioner, T.C. Memo. 1995-369, affd. without published opinion 99 F.3d 1139 (6th Cir. 1996); Finesod v. Commissioner, T.C. Memo. 1994-66; see also Simpson v. Commissioner, T.C. Memo. 1999-274; Sims v. Commissioner, T.C. Memo. 1997-197; Taub v. Commissioner, T.C. Memo. 1996-61.

Accordingly,

<u>Decision will be entered under Rule 155</u>.