T.C. Summary Opinion 2001-140


UNITED STATES TAX COURT


LEROY VERNON AND ANNE J. SATRANG, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 1459-00S.                Filed September 10, 2001.


Leroy V. Satrang, pro se.

J. Anthony Hoefer, for respondent.


LARO, Judge:  This case was heard pursuant to the provisions
of section 7463 in effect when the petition was filed.  The
decision to be entered is not reviewable by any other court, and
this opinion should not be cited as authority.

Respondent determined a $7,066 deficiency in petitioners'
1996 Federal income tax and a related $1,413 accuracy-related
penalty for negligence under section 6662(a).  Following the
parties' concessions, and our dismissal of the case as to Anne J.

Satrang for lack of prosecution, we must decide whether Leroy
Vernon Satrang (petitioner) may deduct his alleged gambling
losses.  We hold he may not.  We also must decide whether
petitioner is liable for the accuracy-related penalty determined
by respondent.  We hold he is.  Unless otherwise indicated,
section references are to the Internal Revenue Code as applicable
to the subject year, Rule references are to the Tax Court Rules
of Practice and Procedure, and dollar amounts are rounded to the
nearest dollar.

Some facts have been stipulated and are so found.  The
stipulated facts and the exhibits submitted therewith are
incorporated herein by this reference.  Petitioners are husband
and wife, and they resided in Sioux City, Iowa, when their
petition was filed.

Petitioner, a civil engineer by profession, is a
recreational gambler who bets primarily on horse races.  During
the subject year, he won at least 29 of his gambling bets and
received a total of at least $32,050 in gambling winnings.  He
reported none of those winnings on his 1996 Federal income tax
return even though he received Forms W2-G, Gambling Winnings,
listing those winnings.  He asserts that none of the winnings are
taxable to him because his gambling losses during that year
totaled more than $70,000.  His employer paid $51,600 to

petitioner during 1996 and withheld $14,335 of that amount for Federal and State taxes.

Respondent determined that petitioner's gross income includes the $32,050 in gambling winnings shown on the Forms W2-G. Petitioner admits that he received those winnings and that he did not report any of them on his 1996 Federal income tax return. Petitioner contends that he also had gambling losses for that year which exceeded his winnings.

Petitioner's gambling winnings are includable in his gross income. Sec. 61(a); Commissioner v. Glenshaw Glass Co., 348 U.S. 426 (1955). As to his alleged gambling losses, petitioner bears the burden of proving that he sustained gambling losses and, if so, the amount of those losses. Stein v. Commissioner, 322 F.2d 78 (5th Cir. 1963), affg. T.C. Memo. 1962-19. Section 165(d) provides that "Losses from wagering transactions shall be allowed only to the extent of the gains from such transactions."

Petitioner relies primarily on his testimony to prove his allegation. We find his testimony to be incredible and decline to rely on it.[1] Although we acknowledge that petitioner most likely had some gambling losses during the year, we are unable to

---

[1] For example, petitioner testified that during 1996 he had "taken home" approximately $75,000 of his salary from his employer and that he gambled away most of that amount and some of his savings. The record, however, reveals clearly that petitioner's gross salary was only $51,600 and that, of that amount, he took home at the most $37,265.

determine (either with specificity or by estimation) the amount of those losses on the basis of the record at hand.  Given the fact that petitioner bears the burden of proof on this issue, we sustain respondent's determination with respect to it.  See <u>Mayer v. Commissioner</u>, T.C. Memo. 2000-295; <u>Zielonka v. Commissioner</u>, T.C. Memo. 1997-81; see also <u>Finesod v. Commissioner</u>, T.C. Memo. 1994-66.

As to the accuracy-related penalty for negligence, section 6662(a) and (b)(1) imposes a 20-percent accuracy-related penalty on the portion of an underpayment that is due to negligence or intentional disregard of rules or regulations.  Negligence includes a failure to attempt reasonably to comply with the Code. Sec. 6662(c).  Disregard includes a careless, reckless, or intentional disregard.  <u>Id.</u>  An underpayment is not attributable to negligence or disregard to the extent that the taxpayer shows that the underpayment is due to the taxpayer's reasonable cause and good faith.  Secs. 1.6662-3(a), 1.6664-4(a), Income Tax Regs. Reasonable cause requires that the taxpayer exercise ordinary business care and prudence as to the disputed item.  <u>United States v. Boyle</u>, 469 U.S. 241 (1985); see also <u>Estate of Young v. Commissioner</u>, 110 T.C. 297, 317 (1998).

On the basis of the record, we sustain respondent's determination of the accuracy-related penalty.  Petitioner has failed to prove respondent's determination wrong.

To reflect respondent's concession,

<u>Decision will be entered</u>

<u>under Rule 155</u>.
