T.C. Memo. 1997-81


UNITED STATES TAX COURT


JOHN DAVID ZIELONKA, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 20037-95.                    Filed February 18, 1997.


John David Zielonka, pro se.

<u>Ladd C. Brown, Jr.</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION


DAWSON, <u>Judge</u>:  This case was assigned to Special Trial

Judge Robert N. Armen, Jr., pursuant to the provisions of section

7443A(b)(4) of the Internal Revenue Code of 1986, as amended, and

Rules 180, 181, and 183.[1]  The Court agrees with and adopts the Opinion of the Special Trial Judge, which is set forth below.

## OPINION OF THE SPECIAL TRIAL JUDGE

ARMEN, Special Trial Judge:  Respondent determined deficiencies in petitioner's Federal income taxes for the taxable years 1989 and 1992, as well as additions to tax and penalties for negligence, as follows:

| Year | Deficiency | Addition to Tax Sec. 6651(a)(1) | Penalty Sec. 6662(a) |
|------|-----------|--------------------------------|---------------------|
| 1989 | $5,422 | $1,263 | $1,084 |
| 1992 | 39,312 | 9,268 | 7,862 |

The issues for decision are:  (1) Whether petitioner is entitled to gambling losses in the amounts of $29,978 and $140,830 for 1989 and 1992, respectively; (2) whether petitioner is liable pursuant to section 6651(a)(1) for additions to tax for failure to timely file his income tax returns for 1989 and 1992; and (3) whether petitioner is liable pursuant to section 6662(a) for accuracy-related penalties for negligence for 1989 and 1992.

## FINDINGS OF FACT

Some of the facts have been stipulated, and they are so found.  Petitioner resided in Miami Beach, Florida, at the time that his petition was filed with the Court.

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the taxable years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

1. General Background

Petitioner began gambling in 1974. Sometime thereafter, petitioner developed into a compulsive gambler.

During 1989 and 1992, the taxable years in issue, petitioner attended the dog and horse racing tracks on a regular and frequent basis. During those years, petitioner gambled on a full-time basis and was not otherwise gainfully employed.

At trial, petitioner did not introduce any books or records reflecting his gambling winnings and losses. Petitioner does not remember whether he maintained books or records reflecting his gambling winnings and losses for 1989. Petitioner maintained a gambling log for 1992; however, such log was not accurate because, in petitioner's opinion, it was "time-consuming to * * * make it precise".

2. The Income Tax Returns

On his 1989 and 1992 Federal income returns, petitioner identified his occupation as a "professional gambler" and reported gambling winnings in the amounts of $29,978 and $140,830, respectively. Of the $140,830 reported as gambling winnings on the 1992 return, $90,830 represent winnings for which Forms W-2G were issued. The remaining $50,000 represent petitioner's estimate of his winnings for that year. Although the record is not perfectly clear, it would appear that the

gambling winnings reported on the 1989 return represent only winnings for which Forms W-2G were issued.

On Schedule A of his 1989 and 1992 returns, petitioner deducted gambling losses in the amount of his reported winnings; i.e., $29,978 and $140,830, respectively.

Petitioner filed his income tax returns for 1989 and 1992 in April 1994.

3.   The Notice of Deficiency

In the notice of deficiency, respondent determined deficiencies in petitioner's Federal income taxes in the amounts of $5,422 and $39,312 for 1989 and 1992, respectively. Specifically, respondent determined that petitioner failed to substantiate his gambling losses.  Accordingly, respondent disallowed the gambling loss deductions claimed by petitioner on Schedule A of his 1989 and 1992 returns.

In the notice of deficiency, respondent also determined that, for 1989 and 1992, petitioner was liable for (1) additions to tax under section 6651(a)(1) for failure to timely file income tax returns and (2) accuracy-related penalties under section 6662(a) for negligence.

OPINION

1.   Wagering Losses

Section 165(d) provides for a deduction for losses from gambling transactions to the extent of gains from such

transactions.  Sec. 165(d); sec 1.165-10, Income Tax Regs. Respondent determined that petitioner failed to substantiate deductions that he claimed for gambling losses on his 1989 and 1992 income tax returns.

Petitioner bears the burden of proving error in respondent's determination.  Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); Welch v. Helvering, 290 U.S. 111, 115 (1933). Specifically, petitioner bears the burden of establishing that he sustained the gambling losses that he claimed on his 1989 and 1992 income tax returns.  Rule 142(a); Schooler v. Commissioner, 68 T.C. 867, 869 (1977).  The issue is factual and must be decided on the evidence presented.  Green v. Commissioner, 66 T.C. 538, 544 (1976).

Section 6001 requires taxpayers to keep books and records adequate to substantiate their income and deductions.  See sec. 1.6001-1(a), Income Tax Regs.

If the trial record provides sufficient evidence that a taxpayer has incurred a deductible expense, but the taxpayer is unable to adequately substantiate the amount of the deduction to which he or she is otherwise entitled, the Court may, under certain circumstances, estimate the amount of such expense and allow the deduction to that extent.  Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930).  However, in order for the Court to estimate the amount of an expense, we must have some

basis upon which an estimate may be made. <u>Vanicek v. Commissioner</u>, 85 T.C. 731, 743 (1985). Without such a basis, any allowance would amount to unguided largesse. <u>Williams v. United States</u>, 245 F.2d 559, 560 (5th Cir. 1957).

At trial, petitioner admitted that he could not remember whether he maintained contemporaneous records of his gambling activity for 1989. At trial, petitioner also admitted that although he maintained records of his gambling activity for 1992, such records were inaccurate. In any event, petitioner did not provide the Court with any records or documentation whatsoever regarding his gambling activity for either 1989 or 1992. The only evidence presented by petitioner to support the deductions for gambling losses was petitioner's own testimony.

We recognize that petitioner must have sustained some losses in view of his substantial gambling activity. However, we are reminded of petitioner's testimony that petitioner estimated a portion of the gambling winnings reported on his 1992 return. Moreover, the gambling winnings that were reported on the 1989 return appear to represent only those winnings for which Forms W-2G were issued. Thus, we have no assurance that petitioner reported all of his gambling winnings. This uncertainty, together with the complete absence of any documentation or other credible corroborating evidence concerning petitioner's gambling activity, precludes us from estimating petitioner's alleged

losses under the rule of Cohan v. Commissioner, supra.
Accordingly, we hold that petitioner has failed to carry his
burden of proof.  Petitioner is therefore not entitled to deduct
any gambling losses for 1989 and 1992.[2]

2.   Section 6651(a)(1) Addition to Tax

The addition to tax under section 6651(a)(1) is imposed on a
taxpayer who fails to file an income tax return in a timely
fashion, unless the taxpayer's failure is due to reasonable cause
and not willful neglect.

Petitioner bears the burden of proving that his failure to
timely file is due to reasonable cause and not due to willful
neglect.  Rule 142(a); Abramo v. Commissioner, 78 T.C. 154, 163
(1982).

Petitioner's income tax return for 1989 was due on Monday,
April 16, 1990, and petitioner's return for 1992 was due on April
15, 1993.  Secs. 6072(a), 7503.  However, petitioner's returns
for 1989 and 1992 were filed in April 1994.  Petitioner offered
no persuasive evidence indicative of reasonable cause to file
late.  This Court has consistently held that a taxpayer's failure

---

[2] Although petitioner reported his gambling losses on
Schedule A rather than on Schedule C, he considered himself to be
a professional gambler.  In contrast, respondent considers
petitioner to be an amateur gambler.  However, because of our
holding that petitioner is not entitled to deduct any gambling
losses for 1989 and 1992, we need not decide petitioner's status
as a professional or amateur gambler.  See Groetzinger v.
Commissioner, 480 U.S. 23 (1987).

to file a timely return because the taxpayer thought that no taxes were due does not constitute reasonable cause within the meaning of section 6651(a)(1). See <u>Colbert v. Commissioner</u>, T.C. Memo. 1992-30, and cases cited therein. Accordingly, we hold that petitioner is liable for the additions to tax under section 6651(a)(1) for 1989 and 1992.

3. <u>Section 6662(a) Accuracy-related Penalty</u>

Section 6662(a) provides that if any portion of an underpayment of tax is attributable to negligence or disregard of rules or regulations, then there shall be added to the tax an amount equal to 20 percent of the amount of the underpayment which is so attributable. The term "negligence" includes any failure to make a reasonable attempt to comply with the statute, and the term "disregard" includes any careless, reckless, or intentional disregard. Sec. 6662(c).

Petitioner bears the burden of proving that he is not liable for the accuracy-related penalty. Rule 142(a); <u>INDOPCO, Inc. v. Commissioner</u>, <u>supra</u>; <u>Welch v. Helvering</u>, <u>supra</u>.

Petitioner did not address the penalty for negligence at trial and therefore failed to carry his burden of proof. In any event, we note that petitioner's failure to maintain accurate and complete records of his gambling activity would suffice to sustain respondent's determination. Accordingly, we hold that

petitioner is liable for accuracy-related penalties for 1989 and 1992.

4. <u>Conclusion</u>

To give effect to our disposition of the disputed issues,

<u>Decision will be entered</u>

<u>for respondent</u>.