**Solomon MAYER, Petitioner–Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent–Appellee.**

**Docket No. 01–4066.**

United States Court of Appeals, Second Circuit.

Feb. 20, 2002.

Jerome Kamerman, Kamerman & Soniker, N.Y., NY, for Petitioner–Appellant.

Janet A. Bradley, Tax Div., U.S. Dep't of Justice, Washington, DC, for Respondent–Appellee.

Present NEWMAN, and KEARSE, Circuit Judges, RAKOFF, District Judge.*

### SUMMARY ORDER

This cause came on to be heard on the record from the Tax Court of the United States, and was argued by counsel.

* Honorable Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the judgment of said Tax Court be and it hereby is affirmed.

Petitioner Solomon Mayer appeals from a decision of the United States Tax Court, Stephen J. Swift, *Judge,* sustaining the assessment by respondent Commissioner of Internal Revenue ("IRS") of tax deficiencies and additions against Mayer. On appeal, Mayer argues principally (1) that the IRS failed to meet its burden, imposed by 26 U.S.C. § 6201(d), of proving that he failed to report $22,192 in interest income for 1991, as reflected in a Form 1099 information return sent by a bank to the IRS, and (2) that he adequately proved gambling losses of $898,050 for 1994. For the reasons that follow, we affirm.

We review "decisions of the Tax Court ... in the same manner and to the same extent as decisions of the District Courts in civil actions tried without a jury." 26 U.S.C. § 7482(a)(1). The tax court's findings of fact thus may be overturned only if they are "clearly erroneous," Fed.R.Civ.P. 52(a). *See, e.g., Commissioner v. Duberstein,* 363 U.S. 278, 289–91, 80 S.Ct. 1190, 4 L.Ed.2d 1218 (1960); *Texasgulf, Inc. and Subsidiaries v. Commissioner,* 172 F.3d 209, 214 (2d Cir.1999); *Follum v. Commissioner,* 128 F.3d 118, 119 (2d Cir.1997) (per curiam). Under this standard, we are not entitled to overturn decisions of the trial court, acting as factfinder, as to whose testimony to credit and as to which of competing inferences to draw. *Anderson v. Bessemer City,* 470 U.S. 564, 574, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985). "Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *Id.*

708

We reject Mayer's contention that the IRS failed to provide adequate proof of his receipt of the $22,192 in interest income for 1991, because we reject his contention that the IRS had the burden of proof. Under § 6201(d), the burden of proof does not shift to the IRS unless, *inter alia*, the taxpayer has "fully cooperated" with the IRS. The tax court ruled that Mayer was "not entitled to the benefits of [§ ] 6201(d)," finding that he had not fully cooperated because he had "failed to file his Federal income tax returns for the years in issue," had produced "minimal" records for the IRS, had "fail[ed] to provide any personal bank records that would substantiate that he did not receive this interest income," and had "fail[ed] to provide any bank records of Delta Realty that would substantiate [his] claim" that the $22,192 in interest income reflected on the Form 1099 was really received by Delta Realty, a closely held company of which he was an officer and major shareholder. The tax court's finding that Mayer had not given full cooperation is not clearly erroneous. Thus, the burden with respect to Mayer's receipt of the $22,192 did not shift to the IRS, which remained entitled to rely on the presumption created by the Form 1099 information return reflecting that that interest was paid to Mayer.

Mayer's contention that he adequately proved gambling losses of $898,050 for 1994 has no greater merit. Mayer kept no records and did not testify to those losses. His only evidence to support that figure was a statement, on a casino letterhead, that, *inter alia*, was unsigned, contained no explanation of certain important terms, and stated that the casino's tracking system "provides estimates only and does not constitute an accurate accounting record." Further, the letter estimated Mayer's "Jackpots" as $837,570, whereas the Forms 1099 issued by the casino stated his winnings for that period as $162,000. It was well within the province of the tax court to conclude that the casino letter was not reliable evidence of the amount Mayer lost and was entitled to no weight.

We have considered all of Mayer's contentions on this appeal and have found in them no basis for reversal. The judgment of the tax court is affirmed.