T.C. Summary Opinion 2004-159

UNITED STATES TAX COURT

THOMAS N. COCCIA, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 9357-03S.              Filed November 18, 2004.

Thomas N. Coccia, pro se.

<u>Jason M. Kuratnick</u>, for respondent.


DEAN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time that the petition was filed.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

Respondent determined a deficiency in and additions to petitioner's Federal income tax for taxable year 2000 as follows:

| | | Additions to Tax[1] | | |
| --- | --- | --- | --- | --- |
| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6651(a)(2) | Sec. 6654(a) |
| 2000 | $16,583 | $1,416 | $629 | $277 |

[1]Figures are rounded to the nearest dollar.

After concessions,[1] the issues for decision are whether petitioner is: (1) Required to report wages he received; (2) required to report gambling winnings he received; (3) required to report interest he received; (4) required to report self-employment income he received; (5) entitled to deduct certain trade or business expenses on Schedule C, Profit or Loss From Business; and (6) liable for self-employment tax pursuant to section 1401.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the exhibits received into evidence are incorporated herein by reference. At the time the petition in this case was filed, petitioner resided in Philadelphia, Pennsylvania.

---

[1]Respondent concedes that petitioner is not liable for the addition to tax for failure to pay tax under sec. 6651(a)(2). Petitioner concedes that any deficiency redetermined by the Court is subject to the addition to tax under sec. 6651(a)(1) for failure to file a tax return timely and the addition to tax under sec. 6654(a) for failure to pay estimated taxes.

Petitioner, a Philadelphia police officer, failed to file timely a Federal income tax return for taxable year 2000. Respondent determined petitioner's income on the basis of information returns submitted to respondent by third party payors. Respondent also determined that petitioner is liable for the above-listed additions to tax.

On March 19, 2004, after respondent issued petitioner a statutory notice of deficiency, petitioner submitted a tax return for 2000 (March return). Respondent has not processed the March return, and no tax has been assessed as a result of petitioner's submission of the March return.

After the petition was filed, respondent filed an answer conceding that petitioner is not liable for an addition to tax under section 6651(a)(2) and asserting an increase in the addition to tax under section 6651(a)(1) of $157.35.

At trial, petitioner submitted an additional tax return he referred to as an "amended return" for taxable year 2000.

A. Petitioner's Income for the 2000 Taxable Year

1. Wages

In 2000, petitioner received wages of $6,275 from Society Hill Towers. He also received wages of $66,935 from the City of Philadelphia. Federal income tax of $10,289 was withheld from petitioner's wages.

2.  Gambling Winnings

During 2000, respondent received from Showboat Casino three Forms W2-G, Statement for Recipients of Certain Gambling Winnings.  Two of the Forms W2-G were dated May 22, 2000, and reported that petitioner had won a total of $3,100.  The third Form W2-G dated August 9, 2000, reported that petitioner had an additional $1,500 of gambling winnings.

On his March return, petitioner reported $18,100 of gambling winnings and an equivalent amount of gambling losses. Petitioner's "amended return" reflected the winnings as $1,500. Petitioner did not maintain a diary or any other contemporaneous record reflecting either his gambling winnings or losses during the 2000 taxable year.

3.  Interest Income

Petitioner received taxable interest income of $298 during the 2000 taxable year.

B.  Petitioner's Deductions for the 2000 Taxable Year

1.  Itemized Deductions

The parties agree that petitioner is entitled to the following itemized deductions:

| Expense | Amount |
| --- | --- |
| State and local income taxes | $5,871 |
| Real estate taxes | 1,743 |
| Home mortgage interest | 4,903 |
| Gifts to charity | 1,140 |
| Total | 13,657 |

2. Schedules C

Petitioner attached Schedules C to the March return and to the "amended return" he submitted to respondent. The activities reported therein included security brokerage services and the operation of a newsstand.

a. Security Brokerage Services

Respondent received a Form 1099, Miscellaneous Income, from RBA Associates, Inc., reporting that petitioner received nonemployee compensation of $1,024 in 2000. On the March return, petitioner attached a Schedule C for the principal business of "Retail Stand" reporting income of $1,024, costs of goods sold of $1,024, and expenses of $2,900. Attached to his "amended return" is a Schedule C-EZ, Net Profit From Business, for the principal business of "Security" reflecting gross receipts of $1,024 and total expenses of $1,024.

Petitioner does not have any records pertaining to this transaction other than the Form 1099. He did not report any self-employment tax liability on the March return he submitted to respondent or on the "amended return" he submitted at trial.

b. Newsstand

In 2000, petitioner attempted to open a newsstand in South Philadelphia. Petitioner does not have any records pertaining to his expenses for the newsstand.

Petitioner never commenced operation of the newsstand. On his "amended return", petitioner reported a net loss of $11,900 for the business.

## Discussion

### A. Burden of Proof

The Commissioner's determinations are presumed correct, and generally, taxpayers bear the burden of proving otherwise. Welch v. Helvering, 290 U.S. 111, 115 (1933). Moreover, deductions are a matter of legislative grace, and taxpayers bear the burden of proving that they are entitled to any deduction claimed. New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934); Welch v. Helvering, supra at 115. This includes the burden of substantiation. Hradesky v. Commissioner, 65 T.C. 87, 90 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976).

The burden of proof may shift to the Commissioner under section 7491(a). Because petitioner failed to comply with the requirements of section 7491(a)(2), however, section 7491 is inapplicable.

### B. Petitioner's Income

Pursuant to section 61(a), gross income includes "all income from whatever source derived" unless excludable by a specific provision of the Internal Revenue Code. Petitioner does not dispute that during 2000, he received wages of $73,210, gambling winnings of $4,600, interest income of $298, and nonemployee

compensation of $1,024.[2]  Petitioner did not present any argument that these amounts are not includable in income.  The Court therefore concludes that petitioner is required to include these amounts in income.

While petitioner does not dispute that his gambling winnings should be included in his income, he does assert that his gambling winnings should be offset by his gambling losses.  Section 165(d) allows taxpayers to deduct losses from wagering transactions to the extent of the gains from such transactions.

In order to establish entitlement to a deduction for wagering losses in this Court, the taxpayer must prove the losses sustained during the taxable year.  Mack v. Commissioner, 429 F.2d 182 (6th Cir. 1970), affg. T.C. Memo. 1969-26; Stein v. Commissioner, 322 F.2d 78 (5th Cir. 1963), affg. T.C. Memo. 1962-19.  The taxpayer must also prove that the amount of wagering losses claimed as a deduction does not exceed the amount of the taxpayer's gains from wagering transactions.  Sec. 165(d).  Implicitly, this requires the taxpayer to prove both the amount of losses and the amount of winnings.  Schooler v. Commissioner, 68 T.C. 867, 869 (1977); Donovan v. Commissioner, T.C. Memo.

---

[2]Pursuant to sec. 6211(b)(1), petitioner's withheld tax on wages of $10,289 is not taken into consideration in determining the deficiency.  It is, however, applied in calculating the amount required to be paid.  Sec. 31(a)(1).  The addition to tax under sec. 6651(a) is calculated on the net amount of tax due. Sec. 6651(b)(1).

1965-247, affd. per curiam 359 F.2d 64 (1st Cir. 1966).
Otherwise, there would be no way of knowing whether the sum of the losses deducted on the return is greater or less than the taxpayer's winnings.  Schooler v. Commissioner, supra at 869.

Petitioner did not maintain a diary or any other contemporaneous record reflecting either his winnings or his losses from gambling during the 2000 taxable year.  The only evidence presented at trial was petitioner's testimony, on which we decline to rely.

Although the Court acknowledges that petitioner most likely had some gambling losses during the year, we are unable to determine (either with specificity or by estimation) the amount of those losses on the basis of the record at hand.  Petitioner has not met his burden of proof on this issue.  See Mayer v. Commissioner, T.C. Memo. 2000-295, affd. 29 Fed. Appx. 706 (2d Cir. 2002); Zielonka v. Commissioner, T.C. Memo. 1997-81; see also Finesod v. Commissioner, T.C. Memo. 1994-66.

C.  Petitioner's Business Losses

The Schedule C attached to petitioner's "amended return" reported trade or business expenses that resulted in a loss of $11,900 for his newsstand business.  Petitioner claimed entitlement to this business loss for the first time shortly before trial and argued the issue at trial.  Respondent questioned petitioner regarding substantiation of the expenses.

The Court deems the issue raised and tried by consent of the parties under Rule 41(b)(1) and properly before the Court.  See Christensen v. Commissioner, T.C. Memo. 1996-254, affd. without published opinion 142 F.3d 442 (9th Cir. 1998).

Section 162(a) allows a taxpayer deductions for ordinary and necessary business expenses paid during the taxable year in carrying on a trade or business.  Generally, a taxpayer must establish that deductions claimed pursuant to section 162 are for ordinary and necessary business expenses and must maintain records sufficient to substantiate the amounts of the deductions claimed.  Sec. 6001; sec. 1.6001-1(a), Income Tax Regs.  Under section 6001, a taxpayer bears the sole responsibility for maintaining his business records.

Petitioner says he purchased an existing newsstand but does not have any records to show how much he paid for it.  He testified that the newsstand was burglarized twice before he was able to commence operations.  Petitioner filed burglary reports with the police and gave them estimates as to the value of the items taken, including the strongbox containing all of his receipts.

If a claimed business expense is deductible, but the taxpayer is unable to substantiate it, the Court is permitted to make as close an approximation as it can, bearing heavily against the taxpayer whose inexactitude is of his or her own making.

Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930). The estimate, however, must have a reasonable evidentiary basis. Vanicek v. Commissioner, 85 T.C. 731, 743 (1985). Without such a basis, such an allowance would amount to unguided largesse. Williams v. United States, 245 F.2d 559, 560 (5th Cir. 1957).

In light of the complete absence of any documents or reasonable evidence substantiating petitioner's claimed expenses, the Court concludes that petitioner is not entitled to deduct any Schedule C expenses for 2000.

D.   Self-Employment Tax

Generally, a sole proprietor who derives income from a trade or business is considered to have received self-employment income. Secs. 1.1401-1(c), 1.1402(c)-1, Income Tax Regs. Self-employed individuals are also liable for self-employment tax pursuant to section 1401 as part of their Federal income tax liability. Secs. 1.1401-1(a), 1.6017-1(a)(1), Income Tax Regs.

Subject to statutory exclusions, the amount of self-employment tax an individual owes is based on his "net earnings from self-employment". Sec. 1402(a). "Net earnings from self-employment" include "the gross income derived by an individual from any trade or business carried on by such individual, less the deductions allowed" which are attributable to the trade or business. Id.; sec. 1.1402(a)-1(a)(1), Income Tax Regs.

Petitioner was paid for brokering security services.  He says he served as a middleman and did not realize any profit from this one-time assignment because all the revenue he received was paid out to the workers.  Petitioner had hoped that this assignment would result in subsequent security jobs, but such was not the case.  Petitioner, however, does not have any records documenting any deductible expenses he may have paid.  Therefore, the Court holds that petitioner is liable for self-employment tax on the income he earned providing the security services.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

Decision will be entered

under Rule 155.