T.C. Summary Opinion 2005-98


UNITED STATES TAX COURT


BILL REMOS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 8398-03S.                    Filed July 21, 2005.


Bill Remos, pro se.

<u>Laurie A. Nasky</u>, for respondent.


GOLDBERG, <u>Special Trial Judge</u>: This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed. The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority. Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency in petitioner's Federal income tax of $14,339 for the taxable year 1999.

The issues for decision are: (1) Whether petitioner received and failed to report gambling income in the amount of $50,000 in taxable year 1999; and (2) in the event petitioner had gambling income in the amount of $50,000, whether petitioner had gambling losses in taxable year 1999 to offset any of this income.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioner resided in Chicago, Illinois, on the date the petition was filed in this case.

Petitioner timely filed his Federal income tax return electronically for the 1999 taxable year. On Form 1040, U.S. Individual Income Tax Return, for taxable year 1999, petitioner reported $32,412 in wage income. Petitioner did not report any other income.

During tax year 1999, petitioner was employed full time as a "delivery driver" by Coca-Cola. Petitioner gambled at two casinos during taxable year 1999: the Grand Victoria Casino and Hollywood Casino-Aurora, Inc. (Hollywood Casino). During taxable

year 1999, petitioner received gambling winnings of $50,000 from a game of blackjack he played at the Grand Victoria Casino.

Respondent received a Form W-2G, Certain Gambling Winnings, for taxable year 1999 from Grand Victoria Casino reporting gambling winnings paid to petitioner in the amount of $50,000. From this Form W-2G, respondent determined that petitioner had unreported income of $50,000 for taxable year 1999. Accordingly, respondent issued petitioner a notice of deficiency for taxable year 1999, in which respondent determined that petitioner had unreported income of $50,000 and that he was liable for a tax deficiency in the amount of $14,339.

At trial, petitioner claimed that he had documents and other evidence to show that he suffered unreported gambling losses equal to his gambling winnings. However, he did not possess this evidence at the time of trial. The Court left the record open and gave petitioner 30 days to present these documents and other support to respondent. Petitioner did not avail himself of the opportunity to submit this evidence, and on January 13, 2005, the record in this case was closed.

## Discussion

In general, the Commissioner's determination set forth in a notice of deficiency is presumed correct, and the taxpayer bears the burden of showing that the determination is in error. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). As one

exception to this rule, section 7491(a) places upon the Commissioner the burden of proof with respect to any factual issue relating to liability for tax if the taxpayer maintained adequate records, satisfied the substantiation requirements, cooperated with the Commissioner, and introduced during the Court proceeding credible evidence with respect to the factual issue. Although neither party alleges the applicability of section 7491(a), we conclude that the burden of proof has not shifted to respondent with respect to either the unreported income or the gambling loss deductions. Therefore, petitioner bears the burden of showing that he correctly reported his gross income for taxable year 1999, and, in the event he had unreported gambling income, petitioner bears the burden of showing that he is entitled to gambling loss deductions to offset that income.

1.  Unreported Income

As stated previously, respondent determined that petitioner failed to report gambling income in tax year 1999 of $50,000. However, petitioner argues that the moneys won gambling were not income to him because they were won at the blackjack table,[1] and the "pit boss" of the Grand Victoria Casino said they were not taxable.

---

[1]Petitioner testified, at trial, that the Grand Victoria Casino's "pit boss" told him that winnings received on a gambling table were not gross income, but winnings received from slot machine gambling were gross income.

Section 61(a) defines gross income as "all income from whatever source derived," including gambling, unless otherwise provided. McClanahan v. United States, 292 F.2d 630, 631-632 (5th Cir. 1961). The Supreme Court has consistently given this definition of gross income a liberal construction "in recognition of the intention of Congress to tax all gains except those specifically exempted." Commissioner v. Glenshaw Glass Co., 348 U.S. 426, 430 (1955); see also Roemer v. Commissioner, 716 F.2d 693, 696 (9th Cir. 1983) (all realized accessions to wealth are presumed taxable income, unless the taxpayer can demonstrate that an acquisition is specifically exempted from taxation), revg. 79 T.C. 398 (1982).

Petitioner stipulated and admitted at trial that during taxable year 1999, he received gambling winnings of $50,000 at the Grand Victoria Casino. Petitioner did not report the aforesaid winnings on his 1999 Federal income tax return. Petitioner's reliance on the advice of the Grand Victoria Casino's pit boss is misplaced. This Court has repeatedly held that gambling winnings are includable in the taxpayer's gross income for the taxable year in which the winnings were received. See Petty v. Commissioner, T.C. Memo. 2004-144; see also Lutz v. Commissioner, T.C. Memo. 2002-89; Sadlier v. Commissioner, T.C. Memo. 1997-45. Therefore, respondent's determination as to petitioner's unreported income is sustained.

2. Gambling Loss Deductions

In his petition to this Court, petitioner implies that he had gambling loss deductions that would offset any gambling income he received during taxable year 1999. Respondent contends that petitioner has not substantiated any such deductions.

Deductions are a matter of legislative grace and are allowed only as specifically provided by statute, and petitioner bears the burden of proving that he is entitled to the claimed deductions. INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). This includes the burden of substantiation. Hradesky v. Commissioner, 65 T.C. 87, 89-90 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976).

Section 6001 and the regulations promulgated thereunder require taxpayers to maintain records sufficient to permit verification of income and expenses. As a general rule, if the trial record provides sufficient evidence that the taxpayer has incurred a deductible expense, but the taxpayer is unable to substantiate adequately the precise amount of the deduction to which he or she is otherwise entitled, the Court may estimate the amount of the deductible expense, bearing heavily against the taxpayer whose inexactitude in substantiating the amount of the expense is of his own making, and allow the deduction to that extent. Cohan v. Commissioner, 39 F.2d 540 (2d Cir. 1930).

However, in order for the Court to estimate the amount of an expense, the Court must have some basis upon which an estimate may be made. Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985). Without such a basis, any allowance would amount to unguided largesse. Williams v. United States, 245 F.2d 559, 560-561 (5th Cir. 1957). With these well-established propositions in mind, we must determine whether petitioner has satisfied his burden of proving that he is entitled to the claimed gambling loss deductions mentioned above.

In order to establish entitlement to a deduction for wagering losses in this Court, the taxpayer must prove the losses sustained during the taxable year. Mack v. Commissioner, 429 F.2d 182 (6th Cir. 1970), affg. T.C. Memo. 1969-26; Stein v. Commissioner, 322 F.2d 78 (5th Cir. 1963), affg. T.C. Memo. 1962-19. The taxpayer must also prove that the amount of wagering losses claimed as a deduction exceeds the amount of the taxpayer's gains from wagering transactions. Sec. 165(d). Implicitly, this requires the taxpayer to prove both the amount of losses and the amount of winnings. Schooler v. Commissioner, 68 T.C. 867, 869 (1977); Donovan v. Commissioner, T.C. Memo. 1965-247, affd. per curiam 359 F.2d 64 (1st Cir. 1966). Otherwise, there would be no way of knowing whether the sum of the losses deducted on the return is greater or less than the taxpayer's winnings. Schooler v. Commissioner, supra at 869.

Petitioner did not maintain a diary or any other contemporaneous record reflecting either his winnings or his losses from gambling during the 1999 taxable year. At trial, petitioner did not testify to any specific gambling losses he incurred during taxable year 1999. However, in an attempt to substantiate his gambling losses, petitioner offered into evidence a letter from Hollywood Casino addressed to petitioner. Such letter was received into evidence by the Court. The letter from Hollywood Casino stated, in pertinent part:

> We are in receipt of your request for your gaming history at Hollywood Casino - Aurora, Inc. ("Hollywood") for the calendar year 1999.
>
> Kindly note, that our system records a total win or loss amount on slot gaming activity during your trip(s) based on information captured with the use of a player-tracking card. Accordingly, slot play without the insertion of your player-tracking card cannot be captured.
>
> &ast; &ast; &ast; &ast; &ast; &ast; &ast;
>
> The records provided are based on "rating information" and are not accounting records. Stated differently, Hollywood either employs raters, whose responsibility it is to walk the Casino floor and record the amount placed into play by a patron as well as the time spent by such patron playing a particular game, or uses electronically-computed rating entries. Such information is then input into the Hollywood's computer system which, by means of certain proprietary statistical analyses which account for the type of game, amount wagered, time of play, and statistical advantage of the game played, generates these rating reports. Therefore, based on such analyses and in order to represent the same as records of gaming wins or losses, it must be assumed that (i) the rating information placed into the computer system is accurate and (ii) except as otherwise noted, no other extraordinary winnings were held.

Based on such analyses and assumptions, the Hollywood's computer-generated records reflect that, after calculating your Coin-in, Coin-out, all Jackpots won and/or your rated Table play, for the calendar year 1999, you experienced an aggregate $6,600.00 gaming loss.   * * *

Further, petitioner offered into evidence, to substantiate his gambling loss deductions, a computer printout, which he claims was issued by Grand Victoria Casino, of numerical transactions which show values for "money in", "money out", and "net proceeds".  Said computer printout was received into evidence by the Court.  Petitioner could not explain how the information on the computer printout was compiled or its specific implications.  Also, the computer printout did not contain petitioner's name; it did not contain the name of any casino; and petitioner did not substantiate that the computer printout displayed transactions of his own personal account.

As previously stated, at trial, petitioner claimed that he had additional documents and other evidence to support his claimed gambling loss deductions.  However, he did not possess this evidence at the time of trial.  The Court left the record open and gave petitioner 30 days to present these documents and other support to respondent.  Petitioner did not avail himself of the opportunity to submit this evidence, and on January 13, 2005, the record in this case was closed.

We have taken into consideration petitioner's testimony and the documents offered into evidence by petitioner.  Although the

Court acknowledges that petitioner most likely had some gambling losses during the year, we are unable to determine (either with specificity or by estimation) the amount of those losses on the basis of the record at hand.  We conclude that petitioner has failed to satisfy his burden of proof on this issue.  See <u>Mayer v. Commissioner</u>, T.C. Memo. 2000-295, affd. 29 Fed. Appx. 706 (2d Cir. 2002); see also <u>Zielonka v. Commissioner</u>, T.C. Memo. 1997-81.  Therefore, we are unable to allow any deduction for gambling losses.

Reviewed and adopted as the report of the Small Tax Case Division.

<u>Decision will be entered</u>

<u>for respondent</u>.