T.C. Summary Opinion 2018-22

UNITED STATES TAX COURT

TERESA J. HENLEY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 4242-16S.                                Filed April 16, 2018.

Teresa J. Henley, for herself.

<u>Jerrika C. Anderson</u>, for respondent.

SUMMARY OPINION

MORRISON, <u>Judge</u>:  This case was heard pursuant to section 7463 of the

Internal Revenue Code of 1986, as amended, in effect when the petition was filed.[1]

---

[1]All subsequent section references are to the Internal Revenue Code of 1986, as amended, in effect for the year at issue, 2013.

Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case. This Court has jurisdiction pursuant to section 6213(a).

The respondent (referred to here as the "IRS") issued a notice of deficiency to the petitioner, Teresa J. Henley, for the 2013 taxable year, determining an income-tax deficiency of $8,751 and an accuracy-related penalty under section 6662(a) of $1,750.

The issue to be resolved is the amount of Henley's wagering-loss deduction under section 165(a) and (d). We hold the amount is $21,194.01, which is the amount the IRS conceded. With the deduction allowed in that amount, the section-6662(a) penalty drops to $0.

## Background

Henley resided in Alabama when she filed the petition. During 2013, Henley played slot machines at two casinos in Biloxi, Mississippi. These were the Boomtown casino and the Hard Rock casino.

On her federal income tax return for 2013, Henley reported that her gross income consisted solely of $75,000 of alimony income. She reported no above-the-line deductions. She claimed the standard deduction. She filed using single status.

The IRS received Forms W-2G, "Certain Gambling Winnings", from the two casinos showing that they paid Henley the following slot-machine winnings in 2013:

| Date | Payor | Amount |
|------|-------|--------|
| Jan. 1, 2013 | Hard Rock casino - Biloxi | $26,400 |
| Jan. 2, 2013 | Boomtown casino - Biloxi | 1,200 |
| Jan. 2, 2013 | Boomtown casino - Biloxi | 1,600 |
| Jan. 3, 2013 | Boomtown casino - Biloxi | 2,000 |
| Jan. 15, 2013 | Boomtown casino - Biloxi | 2,500 |
| Feb. 5, 2013 | Boomtown casino - Biloxi | 1,600 |
| June 18, 2013 | Boomtown casino - Biloxi | 1,200 |
| June 29, 2013 | Boomtown casino - Biloxi | 1,600 |

In the notice of deficiency, the IRS determined that Henley's gross income included $33,700 in gambling income. The $33,700 amount was calculated using the total amounts on the Forms W-2G, except for amounts duplicated on more than one Form W-2G. Thus, the $33,700 total omitted one reporting of $1,200, and two reportings of $1,600. The notice of deficiency stated that it relied on the following Forms W-2G in calculating gambling income:

| Payor | Amount |
|---|---|
| Hard Rock casino - Biloxi | $26,400 |
| Boomtown casino - Biloxi | 1,200 |
| Boomtown casino - Biloxi | 1,600 |
| Boomtown casino - Biloxi | 2,000 |
| Boomtown casino - Biloxi | 2,500 |
| Total | 33,700 |

The notice of deficiency did not state the dates of the payments reported on the Forms W-2G that made up the $33,700 total. The notice of deficiency determined a deficiency of $8,751. The notice of deficiency also determined that there was a substantial understatement of income tax, for which a section-6662(a) penalty of $1,750 should be imposed.

In 2015, the Boomtown casino in Biloxi wrote Henley a letter stating that its records showed that Henley's wins and losses for each month of 2013 were as follows:

| Month | Amount of win or (loss) |
|-------|-------------------------|
| January | $3,479 |
| February | (1,148) |
| March | (227) |
| April | (1,758) |
| May | 168 |
| June | 1,351 |
| July | (3,078) |
| August | (732) |
| September | 1 |
| October | 0 |
| November | 125 |
| December | (1,126) |
| Total | (2,945) |

The letter warned Henley that the information in the letter

- did not reflect any gambling activity for which she did not use her casino player's card;

- would be affected if she had used her casino player's card incorrectly;

- consisted of mere approximations;

- was designed only for marketing purposes; and

- should be used only to support her own records.

A statement from the Hard Rock casino in Biloxi reported that for Henley's casino player card the "Estimated Win/Loss" for 2013 was $2,222.89 for slots. The statement showed the following calculations for that amount:

| | |
|---|---|
| Coin In | $96,928.69 |
| Coin Out | -69,653.39 |
| Jackpots | -25,052.41 |
| Estimated Win/Loss | 2,222.89 |

"Coin In" refers to amounts paid by Henley to the casino. "Coin Out" and "Jackpots" refer to amounts paid by the casino to Henley. Therefore the statement showed that Henley had an "Estimated" loss of $2,222.89, equal to "Coin Out" of $69,653.39 plus "Jackpots" of $25,052.41 minus "Coin In" of $96,928.69.

During 2013, Henley had a joint bank account. The statements for this account show that some withdrawals from the account were made at the location of the two casinos.

The case was tried in Mobile, Alabama. In its brief filed after the trial, the IRS conceded that Henley is entitled to a wagering-loss deduction of $21,194.01. It stated that after taking this concession into account, the amount of the deficiency is $4,650 and the amount of the penalty is $0. The following table reflects the computations of taxable income that are consistent with the $4,650 deficiency amount and compares those computations to the computations of taxable income reflected (1) on Henley's return and (2) in the notice of deficiency:[2]

---

[2]Amounts are rounded to the nearest dollar.

|  | Return | Notice of deficiency | IRS litigating position |
|---|---|---|---|
| + Gross income | $75,000 | $108,700 | $108,700 |
| – Above-the-line deductions | 0 | 0 | 0 |
| = Adjusted gross income | 75,000 | 108,700 | 108,700 |
| – Standard deduction | 6,100 | 6,100 | N/A |
| – Itemized deductions | N/A | N/A | 21,194 |
| – Personal-exemption deduction | 3,900 | 3,900 | 3,900 |
| = Taxable income | 65,000 | 98,700 | 83,606 |
|  | ↓ | ↓ | ↓ |
| + Correct tax | 12,185 | 20,936 | 16,835 |
| – Tax reported on return | 12,185 | 12,185 | 12,185 |
| = Deficiency | 0 | 8,751 | 4,650 |

Henley concedes that she had $33,700 of unreported gambling income (the same amount calculated by the IRS in the notice of deficiency using the Forms W-2G), but contends that she sustained at least that amount in wagering losses. She contends that these losses are substantiated by (1) the letter from the Boomtown casino which, she contends, indicates that her net losses from that casino were $2,945, (2) the statement from the Hard Rock casino which, she contends, indicates that her net losses from that casino were $2,223, and (3) her bank statements, which show bank withdrawals at the casinos.

## Discussion

Gross income is defined as all income from whatever source derived.  Sec. 61(a).  Adjusted gross income equals gross income minus certain deductions known as above-the-line deductions.  Sec. 62(a).

Taxable income for taxpayers who itemize deductions is equal to adjusted gross income minus itemized deductions minus the personal-exemption deduction.  Sec. 63(a).  One itemized deduction is the deduction under section 165(a) for any "loss".

For taxpayers who take the standard deduction, taxable income is equal to adjusted gross income minus the standard deduction minus the personal-exemption deduction.  Sec. 63(b).  For tax year 2013, the standard deduction for a taxpayer filing as single was $6,100.  See sec. 63(c); Instructions for Form 1040 (2013), "U.S. Individual Income Tax Return".

The amount of income tax depends on the amount of the taxpayer's taxable income.  Sec. 1(c).  In summary, taxable income is computed as follows:

| Taxpayers who itemize deductions | Taxpayers who take the standard deduction |
|---|---|
| + Gross income | + Gross income |
| − Above-the-line deductions | − Above-the-line deductions |
| = Adjusted gross income | = Adjusted gross income |
| − Itemized deductions | − Standard deduction ($6,100) |
| − Personal-exemption deduction | − Personal-exemption deduction |
| = Taxable income | = Taxable income |

The Code does not set forth specific rules for determining income and losses for gambling activity except that section 165(d) provides that "[l]osses from wagering transactions shall be allowed only to the extent of the gains from such transactions." For nonprofessional gamblers such as Henley, the deduction for losses from wagering transactions is an itemized deduction. See Norgaard v. Commissioner, 939 F.2d 874, 878 (9th Cir. 1991), aff'g in part, rev'g in part on other grounds T.C. Memo. 1989-390; Briseno v. Commissioner, T.C. Memo. 2009-67.

Section 6041(a) requires any business that makes a payment of $600 or more to report the payment on an information return to the IRS under regulations of the Department of the Treasury. Section 7.6041-1(a), Temporary Income Tax Regs., 42 Fed. Reg. 33286 (June 30, 1977), provides that any business that makes a payment of $1,200 from slot-machine play must file an information return with the IRS showing the name of the winner, the date of the payment, and the amount

of the payment. The amount of the payment for this purpose is not reduced by the amount wagered. Id. para. (b)(1). Winnings and losses from any other wagering transactions are not taken into account. Id. subpara. (5). The information return to be used is a Form W-2G. Id. para. (c), 42 Fed. Reg. 1471 (Jan. 7, 1977).

The taxpayer bears the burden of proving that the determinations in the notice of deficiency are in error. Tax Ct. R. Pract. & Proc. 142(a). The notice of deficiency sent to Henley did not allow her a wagering-loss deduction. Therefore, under the general rule stated above, Henley has the burden of proving her entitlement to such a deduction. As one exception to this general rule, section 7491(a) places the burden of proof on the IRS with respect to any factual issue relating to liability for tax if the taxpayer maintained adequate records, satisfied the substantiation requirements, cooperated with the IRS, and introduced credible evidence with respect to the factual issue. Although neither party alleges the applicability of section 7491(a), we conclude that the burden of proof has not shifted to the IRS with respect to the wagering-loss deduction. Therefore, Henley bears the burden of proving that she is entitled to such a deduction. Because the

IRS has conceded that she is entitled to a deduction of $21,194.01, she must prove

entitlement to a deduction exceeding this amount.[3]

Section 6001 and the regulations promulgated thereunder require taxpayers

to maintain records sufficient to permit verification of income and deductions.

Sec. 1.6001-1(a), Income Tax Regs.  Under the Cohan rule, if the trial record

provides sufficient evidence that the taxpayer has incurred a deductible expense,

but the taxpayer is unable to substantiate adequately the precise amount of the

deduction to which he or she is otherwise entitled, the Court may estimate the

amount of the deduction, bearing heavily against the taxpayer whose inexactitude

in substantiating the amount of the expense is of his or her own making, and allow

the deduction to that extent.  Cohan v. Commissioner, 39 F.2d 540 (2d Cir. 1930).

However, in order for the Court to estimate the amount of an expense, the Court

must have some basis upon which an estimate may be made.  Vanicek v.

Commissioner, 85 T.C. 731, 742-743 (1985); Williams v. United States, 245 F.2d

559, 560-561 (5th Cir. 1957).  The Court has employed the Cohan rule not just to

estimate deductible expenses, but to estimate deductible wagering losses.  See

---

[3]Henley does not contest the determination in the notice of deficiency that she had $33,700 of unreported gambling income.  Therefore we need not discuss the burden-of-proof rules that would be applicable to a challenge to this determination.

Schooler v. Commissioner, 68 T.C. 867, 871 (1977). Like an estimate of expenses, an estimate of wagering losses can be made only if there is a basis for making the estimate. Stein v. Commissioner, 322 F.2d 78, 83 (5th Cir. 1963), aff'g T.C. Memo. 1962-19. With these propositions in mind, we must determine whether Henley has satisfied her burden of proving that she is entitled to the claimed wagering-loss deduction mentioned above.

Henley did not maintain a diary or any other contemporaneous record reflecting her losses from wagering during the 2013 taxable year. At trial, Henley did not testify to any specific wagering losses she incurred during the taxable year 2013. However, in an attempt to substantiate her wagering losses, she offered into evidence the letter from the Boomtown casino. The letter was received into evidence by the Court. The letter contained various warnings about the reliability of the information in the letter, including that the information did not cover gambling activity for which Henley did not use her player's card. Henley did not testify that she always used her player's card when gambling at the Boomtown casino (or the Hard Rock casino). In her brief, she concedes that not using her player's card might have affected the reliability of the casinos' information. The letter from the Boomtown casino is unreliable, and we give it no weight.

Henley also offered into evidence, to substantiate her wagering-loss deduction, the statement from the Hard Rock casino purporting to estimate the amount of Henley's loss at the casino. This statement was received into evidence. This statement is also, on its face, merely an estimate. Furthermore, it is apparent that it includes only gambling activity for which Henley used her player's card. The statement is unreliable, and we give it no weight.

We have taken into consideration Henley's testimony and the documents she offered into evidence. Although the Court acknowledges that Henley most likely had some wagering losses during the year, we are unable to determine (either with specificity or by estimating) the amount of those losses on the basis of the record at hand. We conclude that she has failed to satisfy her burden of proof on this issue. See Rios v. Commissioner, T.C. Memo. 2012-128, aff'd, 586 F. App'x 268 (9th Cir. 2014); Mayer v. Commissioner, T.C. Memo. 2000-295, aff'd, 29 F. App'x 706 (2d Cir. 2002); see also Zielonka v. Commissioner, T.C. Memo. 1997-81. Therefore, we are unable to allow any deduction for gambling losses in an amount greater than that conceded by the IRS.

The IRS's concession of $21,194.01 is apparently based on withdrawals made at the casinos from Henley's joint bank account during 2013. This concession seemingly rests on the assumption that all such withdrawals were then

wagered in slot machines.  We would not rely on this assumption.  Henley (or the other owner of the joint account) could have redeposited some of the money withdrawn.  Or the withdrawn money could have been spent on something other than slot machines.  However, we do not second guess the reasons a party makes a concession.  We hold that Henley is entitled to an itemized deduction for wagering losses in the amount of $21,194.01, the amount of the IRS's concession.

To reflect the foregoing,

Decision will be entered

for a deficiency of $4,650 and a

section 6662(a) penalty of $0.