NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ARMANDO RIOS,

                Petitioner - Appellant,

    v.

COMMISSIONER OF INTERNAL
REVENUE,

                Respondent - Appellee.

No. 12-72440

Tax Ct. No. 3861-09

MEMORANDUM[*]

Appeal from a Decision of the
United States Tax Court
Submitted November 19, 2014[**]
Pasadena, California

Before: SCHROEDER, PREGERSON, and NGUYEN, Circuit Judges.

The United States Tax Court found Armando Rios ("Rios") liable for tax deficiencies and additions for failing to timely file income tax returns for the 2003, 2005, 2006, and 2007 tax years. Rios appeals the tax court's decision that he failed to establish entitlement for gambling-loss deductions for the 2003 and 2006 tax

_____

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

years.[1]  We have jurisdiction pursuant to I.R.C. § 7482.  We review the tax court's factual determinations for clear error, *Sparkman v. Comm'r*, 509 F.3d 1149, 1159 (9th Cir. 2007), and we affirm.

The burden is on the taxpayer "to maintain records sufficient to establish the amount of deductions."  *Norgaard v. Comm'r*, 939 F.2d 874, 878 (9th Cir. 1991) (citing 26 C.F.R. § 1.6001–1).  Rios did not testify to his gambling losses, nor did he produce contemporaneous records of his gambling wins and losses, such as tickets, receipts, diaries, logs, wagering tickets, canceled checks, credit records, or bank deposits or withdrawals.  *See* Rev. Proc. 77-29, 1977-2 C.B. 538, 1977 WL 42691 (listing documents that reliably establish gambling winnings and losses).  The tax court therefore did not clearly err in finding that Rios's evidence—consisting entirely of seven pages of unexplained, non-contemporaneous documentation—was insufficient to substantiate his claim that he was entitled to deductions for gambling losses for tax years 2003 and 2006.  *See Norgaard*, 939 F.2d at 878-79.

Moreover, the tax court did not clearly err in failing to estimate Rios's

---

[1] Rios waived his arguments relating to his remaining claims.  *See United States v. Ullah*, 976 F.2d 509, 514 (9th Cir. 1992) (Claims are ordinarily waived when they "are not specifically and distinctly argued in the appellant's opening brief." (internal quotation marks omitted)).

allowable deductible expenditures pursuant to the rule set out in *Cohan v. Commissioner*, 39 F.2d 540 (2d Cir. 1930) ("*Cohan* rule"). For Rios "to qualify for the estimation treatment under *Cohan*, [he] must establish that he is entitled to *some* deduction." *Norgaard*, 939 F.2d at 879 (emphasis added). Because the tax court did not clearly err when it determined Rios failed to establish that he is entitled to any deduction, the *Cohan* rule does not apply. *See id.*

**AFFIRMED.**