T.C. Summary Opinion 2017-30

UNITED STATES TAX COURT

TRUDY S. REED, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 4181-16S.                          Filed May 8, 2017.

<u>William B. McCarthy</u>, for petitioner.

<u>Jamie A. Schindler</u> and <u>John T. Arthur</u>, for respondent.

SUMMARY OPINION

GUY, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions

of section 7463 of the Internal Revenue Code in effect when the petition was

filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by

---

[1]Unless otherwise indicated, all section references are to the Internal

(continued...)

any other court, and this opinion shall not be treated as precedent for any other case.

Respondent issued a notice of deficiency to petitioner determining a Federal income tax deficiency of $462 for the taxable year 2013. Petitioner filed a timely petition for redetermination with the Court. At the time the petition was filed, petitioner resided in Florida.

The sole issue for decision is whether petitioner is liable for Federal income tax in respect of discharge of indebtedness income of $1,877.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the accompanying exhibits are incorporated herein by this reference.

Petitioner has been employed as a secretary with the Internal Revenue Service for over 30 years. In 2013 petitioner's salary was about $45,000. Petitioner acknowledged at trial that she is "not a very good money manager."

In 2008 petitioner opened a credit card account serviced by Department Stores National Bank (DSNB). On March 13, 2013, DSNB issued to petitioner a

---

[1](...continued)
Revenue Code, as amended and in effect for the taxable year 2013, and all Rule references are to the Tax Court Rules of Practice and Procedure. Monetary amounts are rounded to the nearest dollar.

Form 1099-C, Cancellation of Debt, reporting that it had discharged debt of $1,877 that she owed on her credit card. Although petitioner does not dispute that DSNB discharged $1,877 of debt, she did not receive the Form 1099-C because it was mailed to her former address.

Petitioner acknowledged at trial that in early 2013 she owned a personal computer and a few pieces of jewelry that she had inherited from her mother. She also participated in the Thrift Savings Plan (TSP), a defined contribution retirement savings and investment plan for Federal employees. The record includes a copy of petitioner's TSP account statement for the first quarter of 2013 (i.e., January 1 through March 31, 2013). The account statement shows that as of January 1, 2013, petitioner's vested account balance was $40,678 and that she had an outstanding loan balance of $6,696, received biweekly employer (automatic) contributions of $18, and made biweekly loan repayments of $224. As of March 13, 2013, petitioner's vested account balance was $42,765, her loan balance was $5,618, and her personal contributions to the plan totaled $6,871. On March 18, 2013, petitioner made an "in-service" withdrawal of $2,555 from her TSP account.

Petitioner timely filed a Form 1040, U.S. Individual Income Tax Return, for 2013. She did not report the discharge of indebtedness income reported by DSNB.

After receiving the notice of deficiency in dispute, petitioner sought the assistance of Donna McGowan, local chapter president of the National Treasury Employees Union. Ms. McGowan, a revenue agent, assisted petitioner in completing an insolvency worksheet, including a schedule of her assets and liabilities. Petitioner assigned a "garage sale" value of $1,000 to the various pieces of furniture in her two-bedroom apartment, which included a bed, a sleeper sofa, a dresser, a couch, a coffee table, a television, and a dining room table. Petitioner did not enter any amount on the insolvency worksheet for computers, jewelry, or clothing. After offsetting her TSP contributions by the amount of her outstanding TSP loan, petitioner indicated that she had access to $175 from her TSP account. The insolvency worksheet indicated that, as of March 13, 2013, petitioner's liabilities exceeded the fair market value of her assets by $1,626.

Petitioner's counsel submitted a posttrial brief which included a schedule of petitioner's assets and liabilities as of March 13, 2013, as follows:

| Description | Asset | Liability |
|---|---|---|
| Miami Federal Credit Union (MFCU) | $5 | --- |
| MFCU share draft | — | $55 |
| MFCU loan | --- | 492 |
| Visa debt | --- | 3,482 |
| Auto | 16,183 | 15,450 |
| Security deposit | 1,450 | --- |
| Unpaid medical bills[1] | --- | 3,664 |
| Household goods | 1,000 | --- |
| TSP contributions[2] | 6,871 | 5,618 |
| Total | 25,509 | 28,761 |

[1]Amounts claimed by the medical provider, $4,748, less amounts paid to the provider, $1,084.

[2]TSP contributions by petitioner, less amounts petitioner borrowed.

In sum, petitioner maintains that, as of March 13, 2013, her liabilities exceeded the fair market value of her assets by $3,252 (i.e., she was insolvent).

## Discussion

The Commissioner's determinations in a notice of deficiency are generally presumed correct, and the taxpayer normally bears the burden of proving those

determinations are erroneous. Rule 142(a)(1); <u>Welch v. Helvering</u>, 290 U.S. 111, 115 (1933).[2]

Gross income includes all income from whatever source derived, and income from discharge of indebtedness is included in this broad definition. Sec. 61(a)(12); <u>United States v. Kirby Lumber Co.</u>, 284 U.S. 1 (1931); sec. 1.61-12(a), Income Tax Regs. "The underlying rationale for such inclusion is that to the extent a taxpayer is released from indebtedness, he or she realizes an accession to income due to the freeing of assets previously offset by the liability." <u>Jelle v. Commissioner</u>, 116 T.C. 63, 67 (2001) (citing <u>Kirby Lumber</u>); see <u>Cozzi v. Commissioner</u>, 88 T.C. 435, 445 (1987). The amount includible in income generally is the difference between the face value of the debt and the amount paid in satisfaction of the debt. <u>Babin v. Commissioner</u>, 23 F.3d 1032, 1034 (6th Cir. 1994), <u>aff'g</u> T.C. Memo. 1992-673; <u>Rios v. Commissioner</u>, T.C. Memo. 2012-128, 2012 WL 1537910, at *4, <u>aff'd</u>, 586 F. App'x 268 (9th Cir. 2014). The income normally is recognized in the year the debt is canceled. <u>Montgomery v. Commissioner</u>, 65 T.C. 511, 520 (1975).

---

[2]Petitioner does not dispute that DSNB discharged indebtedness in the amount it reported on Form 1099-C. Petitioner does not contend, and the record does not reflect, that the burden of proof should be shifted to respondent under sec. 7491(a).

Section 108(a)(1)(B) excludes discharge of indebtedness income from gross income if the discharge occurs when the taxpayer is insolvent. A taxpayer is insolvent if, immediately before the cancellation of debt, her liabilities exceeded the fair market value of her assets. Sec. 108(d)(3). The amount of income excluded by virtue of a taxpayer's insolvency may not exceed the amount by which taxpayer is insolvent. Sec. 108(a)(3). Petitioner bears the burden of proving insolvency under section 108(a)(1)(B). See Shepherd v. Commissioner, T.C. Memo. 2012-212, 2012 WL 3024004, at *2 (and cases cited threat).

Although the parties agree to most of the items in the schedule of assets and liabilities included in petitioner's posttrial brief, respondent disagrees with the "garage sale" value of $1,000 that petitioner assigned to the furniture in her apartment (i.e., household goods) and notes that she failed to assign any value to the jewelry that she inherited from her mother or her computer. Respondent also maintains that there is insufficient evidence to support the proposition that petitioner could not access funds in her TSP account or to substantiate the amount of her outstanding medical bills as of March 13, 2013. We agree with respondent.

Although petitioner testified that the furniture in her apartment was 15 to 20 years old, in the absence of any objective evidence, we decline to accept the $1,000 value that she assigned to household items. See, e.g., Niedringhaus v.

Commissioner, 99 T.C. 202, 219-220 (1992) (noting that the Court is not required to accept the taxpayer's self-serving testimony).

There is no evidence in the record of the fair market value of the jewelry that petitioner inherited from her mother or of her computer. Although petitioner described the jewelry in question, she declined to assign any value to those items other than to state that they had sentimental value.

There likewise is no objective evidence that petitioner could not have withdrawn funds from her TSP account on or before March 13, 2013. See Schieber v. Commissioner, T.C. Memo. 2017-32, for a discussion of circumstances in which funds in a retirement account may be excluded as an asset in respect of the insolvency determination mandated under section 108(d)(3). Even though the parties appear to agree that petitioner was limited to in-service withdrawals from her TSP account every six months, the record does not include an account statement or other objective evidence showing that she had made an in-service withdrawal from her TSP account during the six-month period preceding March 13, 2013.

Finally, petitioner presented a claims history statement for March 2013 issued by her primary medical insurer. While this document shows that the insurance company paid a portion of petitioner's outstanding medical bills that

month, we are unable to conclude that she remained personally liable for the balance of those charges in the light of her testimony that she also was enrolled in the Medicare program at that time. Without petitioner's Medicare claims history we cannot determine the amount of her personal liability for medical bills as of March 13, 2013.

In sum, we conclude that petitioner failed to prove that her liabilities exceeded the fair market value of her assets immediately preceding the discharge of her indebtedness by DSNB or the precise amount of her insolvency. Consequently, respondent's determination that petitioner is liable for an income tax deficiency of $462 for the taxable year 2013 is sustained.

To reflect the foregoing,

Decision will be entered

for respondent.