T.C. Summary Opinion 2019-8

UNITED STATES TAX COURT

JOEL H. ARSEO, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7862-18S.                    Filed May 2, 2019.

Joel H. Arseo, pro se.

<u>Gretchen W. Altenburger</u>, for respondent.

SUMMARY OPINION

GERBER, <u>Judge</u>:  This case was heard pursuant to the provisions of section

7463 of the Internal Revenue Code in effect when the petition was filed.[1]

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect at all relevant times.

Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case. Respondent determined a $1,907 income tax deficiency for petitioner's 2015 tax year. The deficiency was based upon three adjustments and gave rise to the following issues: (1) whether petitioner failed to report $25 of interest income, (2) whether petitioner failed to report $2,994 of gambling income, and (3) whether petitioner is entitled to a $6,500 deduction for a contribution to an individual retirement account (IRA).

## Background

Petitioner resided in Arizona at the time his petition was filed. During 2015 he was employed by the State of Arizona and paid a salary of $28,577, of which $25,687 was reported as wages on petitioner's 2015 Form W-2, Wage and Tax Statement.[2] Petitioner's Form W-2 did not include $2,890 that he contributed to the Arizona State Retirement System for 2015.

On his 2015 Form 1040A, U.S. Individual Income Tax Return, petitioner reported income of $25,687 from wages and claimed a deduction of $6,500 for an IRA contribution. Petitioner occasionally gambled and for 2015 two Forms W-2G, Certain Gambling Winnings, were issued to him and reported to the

---

[2]All amounts have been rounded to the nearest dollar.

Internal Revenue Service in the total amount of $2,994. Petitioner did not maintain records of his gambling activity, and the amounts wagered were modest. He considered gambling a form of amusement and generally believed that he would not win much, but he continued playing for the entertainment. Petitioner and the Internal Revenue Service also received information that petitioner received $25 of interest income during 2015. Petitioner did not report the gambling winnings or the interest income on his 2015 Federal income tax return.

Petitioner did not claim itemized deductions on his 2015 return and instead chose to use the standard deduction of $9,250. Respondent, in a notice of deficiency, determined the income tax deficiency in dispute by including in gross income the Forms W-2G gambling winnings and the interest income and by disallowing the $6,500 deduction for an IRA contribution.

## Discussion

Petitioner admits that he had $25 of interest income for 2015. He also admits that he had gambling winnings of $2,994, but he contends that he had gambling losses in excess of the winnings shown on the Forms W-2G. Section 165(d) provides that gambling losses are deductible only to the extent of gambling winnings. To be entitled to deduct gambling losses, a taxpayer should provide records or other documentation that shows how the losses were calculated. See

Rev. Proc. 77-29, 1977-2 C.B. 538. Failure to maintain such records normally results in the disallowance of such losses. Rios v. Commissioner, T.C. Memo. 2012-128, aff'd, 586 F. App'x 268 (9th Cir. 2014).

Petitioner has admitted that he did not maintain records of his gambling activity. Assuming arguendo that petitioner could substantiate $2,994 of gambling losses, the losses would have to be claimed as an itemized deduction. See id. There is no evidence of itemized deductions other than the $2,994 of gambling losses. Petitioner would have to come up with more than $6,256 of additional itemized deductions to be better off than with the $9,250 standard deduction he claimed on the 2015 return. Accordingly, on this record, proof of losses to offset the Forms W-2G gambling winnings would not result in a lower tax liability for petitioner.

With respect to the $6,500 IRA deduction claimed on the 2015 return, petitioner testified that he arrived at that amount, roughly, by doubling his $2,890 contribution to the Arizona State Retirement System to account for the State's matching and his own contribution. Irrespective of the inaccurate mathematics of petitioner's computation, his $2,890 IRA contribution was a pretax reduction from his annual wages, i.e., it was not subject to Federal income tax. Under the

circumstances of this case the pretax contributions are not deductible.  <u>See</u>

<u>generally</u> sec. 219(a), (e).

Petitioner, during the trial, complained that respondent's lack of

responsiveness during the administrative portion of his case caused him stress.

The extent to which respondent may have been unresponsive during the

administrative process has no direct bearing on whether his determination was in

error.  Accordingly, we hold that petitioner was required to include in his gross

income his Forms W-2G gambling winnings and his interest income, and he was

not entitled to claim a deduction for pretax contributions to his Arizona State

Retirement System account.

To reflect the foregoing,

<u>Decision will be entered for</u>

<u>respondent</u>.